ORCASITAS, APELADO, *v.* MÁRQUEZ ET AL., APELANTES.

APELACIÓN procedente de la Corte de Distrito de San Juan, Sección 1ª.

No. 945.—Resuelto en mayo 6, 1913.

EMPLAZAMIENTO — PERSONAS QUE PUEDEN DILIGENCIARLO — MODO DE COMPROBARLO.—Cuando una acción se entabla ante una corte de distrito, el márshal que debe diligenciar el emplazamiento, de acuerdo con el artículo 92 del Código de Enjuiciamiento Civil, es el de distrito y no el municipal. Cuando el emplazamiento lo hace el funcionario autorizado por la ley, basta su certificado para comprobarlo. Cuando se verifica por otra persona, bien sea esta un particular o un funcionario público, es necesario para su comprobación la declaración jurada de dicha persona prestada en la forma que exige el estatuto.

ID.—JURISDICCIÓN—CUMPLIMIENTO ESTRICTO DE LA LEY.—Para que un demandado quede sometido a la jurisdicción de una corte, es necesario que se le cite en la forma que la ley prescribe y además que se devuelva a la corte una constancia de haberse llevado a efecto la citación, · de la cual aparezca que se han cumplido debidamente todos los requisitos exigidos por el estatuto, todo ello sin perjuicio de lo dispuesto en el artículo 98 del Código de Enjuiciamiento Civil.

ID.—MENORES—CITACIÓN PERSONAL.—Para que un demandado menor de edad quede sometido a la jurisdicción de una corte, es indispensable que se le cite personalmente, no siendo suficiente el emplazamiento hecho a su .tutor.

Los hechos están expresados en la opinión.

Abogados de la apelante, Palmira López: *Sres. Víctor Burset* y *Arturo Aponte, Jr.*

Abogado del apelado: *Sr. Francisco Socorro.*

EL JUEZ ASOCIADO SR. DEL TORO, emitió la opinión del tribunal.

Pedro Orcasitas Muñoz entabló demanda en la Corte de Distrito de San Juan, en cobro de pesos, contra Genaro Márquez Roig y Palmira López Guzmán, esta última como heredera de Antonio López Cuadra representada por su tutora Josefa López Bustelo. Expedido el emplazamiento, fué diligenciado en la siguiente forma:

"Certificado de diligenciamiento del márshal. Certifico: que recibí el presente emplazamiento a los ocho de la mañana del día 17 de octubre de 1912 y que notifiqué el mismo personalmente el día 17 de octubre de 1912 a Doña Josefa López y a Don Genaro Márquez, demandado mencionado en dicho emplazamiento, entregando a dicho demandado y dejando en su poder personalmente en Humacao una copia de dicho emplazamiento y en poder del demandado G. Márquez y J. López una copia fiel y exacta de la demanda en el pleito mencionado en dicho emplazamiento. Fecha hoy día 17 de octubre de 1912. Florentino Hernández, márshal."

Los demandados no contestaron la demanda. Se anotó su rebeldía a instancia del demandante y se registró la sentencia el 6 de diciembre de 1912. El 3 de enero de 1913, los demandados interpusieron contra ella el presente recurso de apelación basándolo en los dos motivos que siguen:

1. Que los demandados no quedaron sometidos a la jurisdicción de la corte porque el diligenciamiento de la citación no se hizo por ni a nombre del funcionario competente, y si se hizo por otra persona, no se acreditó debidamente.

2. Que la menor demandada no fué notificada personalmente y no se la sometió nunca por tanto a la jurisdicción de la corte.

Examinemos el primer motivo. El apelante alega que tenemos conocimiento judicial de que Florentino Hernández no era el Márshal de la Corte de Distrito de San Juan, ni el de la de Humacao, ni ninguno de los submárshals de cualquiera de dichas cortes. El apelado sostiene que si bien esto es así, de igual modo esta corte conoce que Florentino Hernández era el Márshal de la Corte Municipal de Humacao al tiempo

de verificarse el emplazamiento y que, como tal, pudo llevarlo a efecto y certificarlo válidamente.

El artículo 92 del Código de Enjuiciamiento Civil, tal como fué aprobado en 1904, dice así:

"La citación puede hacerse por el márshal del distrito donde se encontrare al demandado, o por cualquier otra persona mayor de diez y ocho años que no fuere parte en la acción. La citación irá acompañada de una copia de la demanda a menos que dos o más de los demandados residieren en el mismo distrito, en cuyo caso sólo será necesario entregar una copia de la demanda a uno de los demandados. Cuando el márshal hiciere la citación, la devolverá a la oficina del secretario que la expidió, bajo su certificación de haber sido cumplimentada y de haber hecho entrega de la copia de la demanda que se hubiese acompañado a la citación. Cuando se diligenciare por cualquier otra persona, se devolverá a la misma oficina, con la declaración jurada de dicha persona de que ha practicado la diligencia de citación y entregado la copia de la demanda, en caso de haberse acompañado."

Dicho artículo fué adicionado en 1911 por la ley número 70, en el sentido de que al servirse la copia de la citación debe hacerse constar a su dorso y por quien la haga, una copia literal del diligenciamiento y fecha de éste consignado en el original.

El Código de Enjuiciamiento Civil comenzó a regir el 1 de julio de 1904, y en igual fecha comenzaron también a regir la ley para reorganizar el sistema judicial en Puerto Rico y la ley creando el cargo de márshal de distrito.

Puerto Rico, por la sección 1ª. de la ley sobre reorganización del sistema judicial de 1904, quedó dividido en siete distritos judiciales. En la misma ley, en su sección 8ª., se dice que habrá un juez municipal para cada distrito judicial municipal y se establecen y nombran los distritos judiciales municipales. Estos preceptos han sido enmendados en diferentes ocasiones, pero las divisiones fundamentales de siete distritos judiciales en cada uno de los cuales existe una corte de distrito, y de varios distritos judiciales municipales en cada uno de los cuales existe una corte municipal, ha subsistido, y,

cuando se habla de un distrito judicial solamente, debe entenderse uno de los siete en que está dividido Puerto Rico. Para designar un distrito judicial municipal, debe agregarse a las palabras distrito judicial, la palabra municipal.

Habiendo en consideración lo expuesto, es evidente que cuando el legislador en 1904, en el artículo 92 del Código de Enjuiciamiento Civil, dijo que la citación podía hacerse "por el márshal del distrito," se refirió a los márshals de las cortes de distrito, y nó a los municipales. Tal es la recta interpretación de dichas palabras, siempre que se trate, desde luego, de procedimientos tramitados en las cortes de distrito que fueron sin duda los que tuvo en su mente la Legislatura al redactar el Código de Enjuiciamiento Civil. Cuando se trate de procedimientos seguidos en las cortes municipales, al adaptar a ellos las disposiciones del Código de Enjuiciamiento Civil, claro es que las palabras "márshal del distrito" interpretadas racionalmente, se refieren al márshal del distrito judicial municipal.

En el presente caso el procedimiento se originó en la Corte de Distrito de San Juan y, en tal virtud, el márshal a que se refiere el estatuto, era el de distrito y no el municipal.

Es cierto que la ley dispone también que el emplazamiento puede diligenciarse "por cualquiera otra persona mayor de 18 años y que no fuere parte en la acción," y que dentro del concepto "cualquiera otra persona" cabe comprender a un márshal municipal, pero si el márshal de la Corte Municipal de Humacao actuó en este caso como pudiera hacerlo cualquiera otra persona, no debió haber certificado el acto, sino prestado y acompañado la declaración jurada que exige el estatuto.

Hemos consultado cuidadosamente la jurisprudencia con respecto a esta materia y toda ella está conforme en que para que un demandado quede sometido a la jurisdicción de una corte, es necesario que se le cite en la forma que la ley prescribe, y, además, que se devuelva a la corte una constancia de haberse llevado a efecto la citación, de la cual

aparezca que los requisitos exigidos por el estatuto se cumplieron debidamente; todo ello sin perjuicio de lo dispuesto en el artículo 98 del Código de Enjuiciamiento Civil.

Tal constancia, que constituye la prueba de la citación, debe ser auténtica y fehaciente. Si la citación la verifica el márshal, basta su certificación expedida bajo la fe del juramento que prestara para ejercer su cargo; si la lleva a efecto un submárshal regular que haya prestado también un previo juramento para ejercer su cargo y que actúe por y bajo la autoridad del márshal, basta de igual modo su certificación expedida y firmada por él a nombre del márshal por y bajo cuya autoridad actúa, y, por último, si la realiza cualquiera otra persona, bien sea funcionario o particular, debe entonces acreditarse el acto por medio de la declaración jurada de dicha persona.

Estudiados los hechos de este caso a la luz de la ley y de la jurisprudencia, es necesario concluir que el primer motivo del recurso está bien fundado. El diligenciamiento de la citación no se autenticó en la forma que exige el estatuto. Ante la corte no existía la constancia debida de haberse practicado la citación, y los demandados no estaban aún, por tanto, bajo la jurisdicción de la corte.

De igual modo está bien fundado el segundo motivo del recurso. Aún aceptando como válido el certificado expedido por el Márshal de la Corte Municipal de Humacao, resultaría siempre que la menor demandada no fué citada personalmente y que, en tal virtud, nunca quedó sometida a la jurisdicción de la corte, ni pudo anotarse su rebeldía, ni dictarse sentencia contra ella.

En la demanda se alega que Genaro Márquez y Antonio López debían cierta cantidad al demandante, que Antonio López murió y le heredó su hija Palmira, menor de diez y ocho años, y que Josefa López fué nombrada tutora de la menor Palmira. En el alegato del apelado se dice que Palmira no era menor de diez y ocho, sino menor de ocho años. Esto podrá ser en realidad de verdad lo cierto, pero como el

récord no fué corregido, debemos atenernos a las resultancias del mismo. Además, el hecho de si Palmira es menor de diez y ocho o menor de ocho años, no afecta esencialmente a la resolución de la cuestión planteada.

El artículo 93 del Código de Enjuiciamiento Civil, en lo pertinente, dice así:

"La citación se hará mediante entrega de una copia de la misma, como sigue:

"3. Si fuere contra un menor de catorce años que residiere en la Isla, a dicho menor personalmente, así como también a su padre, madre o tutor; y si ninguno de éstos se encontrare en la Isla, entonces a cualesquiera de las personas que tuvieren a su cargo o cuidado dicho menor, o con quien viviere o en cuyo servicio estuviere empleado * * *.

"6. En los demás casos al demandado personalmente."

De acuerdo, pues, con la letra de la ley que es tan clara que no puede interpretarse de otro modo, en todo caso en que se demande a un menor de edad, es necesario que se le cite personalmente.

Esta cuestión no es nueva. Este Tribunal Supremo en el caso de *Vías* v. *Sucesión Pérez et al.,* 15 D. P. R., 732, estableció la siguiente doctrina: "Cuando los demandados son menores de edad el emplazamiento deberá notificarse al padre o representante del menor, siendo indispensable en todo caso la notificación personal de los menores demandados, ya conste o nó que son mayores o menores de 14 años; siendo además necesario para que la corte adquiera jurisdicción sobre tales menores que el certificado de diligenciamiento por el márshal demuestre que han sido notificados personalmente."

Y la Corte Suprema de California, interpretando y aplicando preceptos de ley iguales a los vigentes en Puerto Rico sobre la materia, en el caso de *Fanning* v. *Foley,* 99 Cal., 336, resolvió que una citación hecha al guardián de un menor sin verificarla personalmente además al menor, era insuficiente; que la rebeldía registrada en contra del guardián no obligaba

ni al guardián ni al menor, y que el decreto dictado sobre la base de la rebeldía era absolutamente nulo.

A primera vista parece que la citación personal de un menor de catorce años, habiéndose citado a su representante legal, es completamente ineficaz y no responde a fin práctico alguno. Sin embargo, si se analiza la cuestión a fondo se verá que uno de los fines de la ley es, mientras ello sea posible, el de asegurarse de modo directo de la existencia real y positiva del demandado antes de que quede sometido a la jurisdicción de la corte.

Por las razones expuestas, debe declararse con lugar el recurso y revocarse la sentencia apelada.

*Revocada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf y Aldrey.

El Juez Asociado Sr. MacLeary no tomó parte en la resolución de este caso.