THE FEDERAL LAND BANK OF BALTIMORE, peticionario, *v.* LA CORTE DE DISTRITO DE ARECIBO, HON. R. SANCHO BONET, JUEZ, demandada.

No. 903.—*Sometido:* Mayo 1, 1933. *Resuelto:* Mayo 22, 1933.

*José R. Aponte,* abogado del peticionario; *E. Martínez Avilés,* abogado de la parte contraria en el pleito principal.

EL JUEZ ASOCIADO SEÑOR CÓRDOVA DÁVILA, emitió la opinión del tribunal.

Juan Gutiérrez y Rosalía Pagán constituyeron hipoteca sobre un inmueble de su propiedad a favor de The Federal Land Bank of Baltimore en garantía de un préstamo que contrajeron con dicha institución bancaria. Se alega, por información y creencia, que ambos deudores han fallecido y se demanda por la vía ordinaria, para hacer efectiva la obligación contraída, a la sucesión de dichos deudores hipotecarios, compuesta de sus legítimos herederos Monserrate, Longinos,

Carmen, Rosa, Delia y Jorge Gutiérrez Pagán, Ismael e Isabel Torres Gutiérrez, y Angel Antonio, Aida Iris y Juan Ramón Rivera Gutiérrez. Con excepción de las cinco personas primeramente mencionadas los demás miembros de la sucesión demandada son menores de edad.

El emplazamiento de los demandados, devuelto y diligenciado por Juan Antonio Quiñones, fué impugnado a nombre de dichos demandados por el abogado Martínez Avilés. La corte inferior declaró nulo dicho emplazamiento y ordenó que por el secretario se expidiese uno nuevo. Sin aguardar a que se cumpliese esta orden se radicó una excepción previa en la cual se dice que la sucesión demandada comparece por su abogado y alega que la demanda no aduce hechos suficientes para determinar una causa de acción. Desestimada esta excepción previa, la corte concedió un plazo de diez días a los demandados para contestar, y habiendo dejado de hacerlo se anotó la rebeldía y se designó fecha para la vista del caso. Esta vista no tuvo lugar porque la corte *motu proprio* dejó sin efecto la rebeldía y ratificó su orden para que se expidiese un nuevo emplazamiento.

La orden de la corte decretando la nulidad del emplazamiento se basó en que aparece del mismo, como demandada, la sucesión de Juan Gutiérrez, sin expresarse los nombres de las personas que componen la sucesión, o sea los nombres de todos los demandados, consignándose únicamente que dicha sucesión está compuesta de Monserrate, Longinos, Carmen, Rosa, Jorge *et als.*

Alega el peticionario que la la corte cometió error al declarar motivo de nulidad la omisión de los nombres de cada uno de los demandados en el título del emplazamiento. El artículo 89 del Código de Enjuiciamiento Civil dice que el emplazamiento deberá contener, entre otros requisitos, los nombres y apellidos de las partes en la acción. No determina este artículo que esos nombres y apellidos deban ineludiblemente consignarse en el título del emplazamiento. En el presente caso los nombres de las personas designadas como miem-

bros de la sucesión demandada aparecen claramente consignados en el cuerpo del emplazamiento con sus correspondientes apellidos. Ésta es toda la información que requiere la ley y el sitio donde aparezcan dichos nombres no tiene importancia, siempre y cuando estén expresa y claramente incluídos en el cuerpo de la citación.

El artículo 89 de nuestro Código de Enjuiciamiento Civil es igual al 407 del Código de Enjuiciamiento Civil de California. La Corte Suprema de dicho estado, interpretando una cuestión idéntica a la que ha sido planteada por el peticionario, se expresó así en el caso de *Sax* v. *Clark,* 180 Cal. 287, resuelto en 1919:

"El emplazamiento en la acción fué titulado 'B. W. Clark et al., demandantes, v. Alice B. Handy et al., demandados,' y los demandados insisten en que fué nulo para todos los demandados excepto quizá para Alice B. Handy, basando su contención en el caso de Lyman v. Milton. 44 Cal. 630. No tiene ningún valor esta impugnación al emplazamiento, y el caso citado no tiene aplicación porque en el cuerpo del emplazamiento impugnado los nombres de todos los demandados fueron incluídos. No hay disposición en el estatuto que establezca que tales nombres deban aparecer en el título. Code of Civil Procedure, sección 407.''

Declara el tribunal californiano que en este caso se cumplió sustancialmente con la ley en la forma en que fueron emplazados los demandados.

■ El juez de la corte inferior expone en su alegato que tuvo en cuenta además otro fundamento esencialísimo para declarar nula la notificación a los demandados y decretar la expedición de un nuevo emplazamiento. A juicio de este funcionario la notificación del emplazamiento es fatalmente defectuosa. En efecto, la persona que practicó la notificación declara que "notificó a Ismael e Isabel a las ocho de la mañana del día 11 de agosto de 1932, ambos menores de edad, representados en el acto de la notificación por su padre Francisco Torres Valentín, de apellidos Torres Gutiérrez, en Arecibo; a Aida Iris, Angel Antonio y Juan Ramón, menores

de apellidos Rivera Gutiérrez, representados por su padre Antonio Rivera Vélez, a las 12 : 30 de la tarde del día 11 de agosto, 1932, barrio Tetuán de Utuado, sitio Los Quemados. . .'' No aparece claramente de esta notificación que los menores fuesen personalmente emplazados. Se dice que se les notificó, representados por sus padres en el acto de la notificación. Entendemos que cuando se trata de llevar a cabo un emplazamiento, en virtud del cual la corte adquiere jurisdicción sobre la persona de los demandados, la notificación debe ser clara y explícita, de modo que de una simple lectura de la misma pueda deducirse que se ha cumplido con los preceptos del estatuto. El artículo 93 del Código de Enjuiciamiento Civil dispone que se notifique al menor y a su representante legal. Esta corte, en el caso de *Vías* v. *Sucn. Pérez,* 15 D.P.R. 732, se expresó así:

"Cuando los demandados son menores de edad, es necesario, para que la corte adquiera jurisdicción sobre tales menores, que el certificado de diligenciamiento de la citación por el *marshal* demuestre que han sido notificados personalmente.

"Cuando los demandados son menores de edad, el emplazamiento deberá notificarse al padre o representante del menor, siendo indispensable en todo caso la notificación personal de los menores demandados, ya conste o no que son mayores o menores de catorce años.''

No se establece claramente en la diligencia del emplazamiento que los menores hayan sido personalmente emplazados, y por lo tanto la corte inferior interpretó correctamente la ley al decretar la nulidad de la citación, en tanto en cuanto afecta a los referidos menores.

También hemos advertido otro defecto que surge de la faz de la demanda y del propio emplazamiento. Se habla en esta demanda de los menores Ismael e Isabel Torres, legalmente representados por su padre, y de los menores Angel Antonio, Aida Iris y Juan Ramón Rivera, también representados por su padre; pero en cuanto a Jorge Gutiérrez se dice que es menor de edad sin expresarse que esté legalmente representado. Este menor aparece emplazado en unión de los demás

miembros de la sucesión. El abogado Martínez Avilés comparece ante la corte representando a la referida sucesión. Es claro y evidente que un abogado no puede representar directamente a un menor que carece de capacidad legal para comparecer por sí mismo. Éste es el caso del menor Jorge Gutiérrez, a quien no puede representar el abogado Martínez Avilés sin autorización de su representante legal, en caso de que éste exista. El emplazamiento practicado en la persona de este menor es nulo desde el momento en que no consta que tiene un representante legal y que este representante haya sido debidamente emplazado.

Alega el peticionario que la comparecencia voluntaria de la sucesión demandada equivale a la citación personal y entrega de la copia de la demanda y que la corte inferior no debió dejar sin efecto la rebeldía legalmente anotada, después de haber comparecido la sucesión demandada por conducto de su abogado y haber dejado de contestar la demanda dentro del término señalado por la ley.

Esta corte ha declarado, en el caso de *Rodríguez Soler* v. *Alonso,* 37 D.P.R. 353, que la comparecencia voluntaria del tutor a nombre de los menores no suple la falta de su citación personal. En dicho caso se demandó a la sucesión de Miguel Rodríguez Sierra y Angelina Soler, compuesta de varios miembros, entre los cuales figuraban algunos menores de edad. Se reclamó de la sucesión el pago de una obligación reconocida en escritura pública. Comparecieron los menores representados por su tutor, aceptando los hechos de la demanda y consintiendo sentencia contra ellos. Esta corte, en su opinión, escrita por el Hon. Carlos Franco Soto, cita el caso de *Orcasitas* v. *Márquez,* 19 D.P.R. 477, donde se sostiene que en todo caso en que se demanda a un menor es necesario que se le cite personalmente, y termina diciendo que la corte inferior no cometió error al declarar que la comparecencia voluntaria del tutor a nombre de los menores no suple la falta de citación personal.

En el caso de *Orcasitas* v. *Márquez,* supra, se cita la opi-

nión emitida por la Corte Suprema de California en el caso de *Fanning* v. *Foley,* 99 Cal. 336, donde se resolvió que una citación hecha al tutor de un menor sin emplazar personalmente al menor no es suficiente y que la rebeldía anotada en contra del tutor no obligaba ni al guardián ni al menor, siendo nulo el decreto dictado sobre la base de la rebeldía.

A nuestro juicio la corte inferior procedió con acierto al decretar la nulidad del emplazamiento y dejar sin efecto la rebeldía anotada en contra de los menores que forman parte de la sucesión demandada, pero entendemos que no ha debido anularse la rebeldía anotada contra los demandados que han alcanzado la mayoridad.

*Debe anularse la resolución dictada por la corte inferior en 7 de abril de 1933 en tanto en cuanto deja sin efecto la rebeldía anotada en contra de los demandados mayores de edad, pero con respecto a los menores demandados, la resolución de la corte inferior debe mantenerse en toda su fuerza y vigor.*