# EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Jesús Sánchez Rivera<br><br>Recurrido<br><br>v.<br><br>Yajaida Malavé Rivera, por sí y en representación del menor JJSM<br><br>Peticionaria<br><br>v.<br><br>Luis Osvaldo Torres León<br><br>Tercer Demandado | Certiorari<br><br>2015 TSPR 37<br><br>192 DPR ____ |

Número del Caso: CC-2014-71

Fecha: 9 de abril de 2015

Tribunal de Apelaciones:

      Región Judicial de San Juan y Guayama, Panel VI

Abogada de la Parte Peticionaria:

      Lcda. Carmen S. Santiago Lizardi

Abogados de la Parte Recurrida:

      Lcdo. Milton D. Roque García
      Lcda. María Díaz Pérez

Materia: Procedimiento Civil – Regla 44 de Procedimiento Civil: Emplazamiento a menores de edad, emplazamiento a menor de 14 años de edad.

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | | |
|---|---|---|
| Jesús Sánchez Rivera<br><br>    Recurrido<br><br>        v.<br><br>Yajaida Malavé Rivera, por sí y en representación del menor JJSM<br><br>    Peticionaria<br><br>        v.<br><br>Luis Osvaldo Torres León<br><br>    Tercer Demandado | CC-2014-071 | Certiorari |

Opinión del Tribunal emitida por el Juez Asociado SEÑOR ESTRELLA MARTÍNEZ

San Juan, Puerto Rico, a 9 de abril de 2015.

En esta ocasión nos corresponde interpretar el alcance de las normas que rigen el emplazamiento a menores de catorce años de edad y precisar si una demanda contra tercero, instada por una madre con patria potestad, equivale a someter a su hijo menor de edad a la jurisdicción del tribunal. Ello, para dirimir si procede como cuestión de derecho desestimar una demanda de impugnación de paternidad por razón de caducidad.

Bajo los hechos particulares del caso ante nuestra consideración, procede desestimar la demanda de impugnación de paternidad incoada por el presunto padre

del menor. Los hechos particulares demuestran que el menor no fue debidamente emplazado y tampoco se sometió a la jurisdicción del tribunal dentro del término de caducidad que rige la acción de impugnación de paternidad.

I

Los acontecimientos relacionados a la controversia ante nuestra consideración tienen su origen cuando el **14 de abril de 2011**, el Sr. Jesús Sánchez Rivera (señor Sánchez Rivera) presentó una demanda de impugnación de paternidad contra la Sra. Yajaida Malavé Rivera (señora Malavé Rivera) en su carácter personal y, a su vez, como representante de su hijo menor de catorce años de edad JJSM. El señor Sánchez Rivera adujo que el **6 de enero de 2011**, durante una discusión sobre asuntos de relaciones paternofiliales, la señora Malavé Rivera le manifestó que el menor JJSM no era su hijo. Como consecuencia, el señor Sánchez Rivera solicitó que se ordenaran las pruebas de histocompatibilidad para demostrar que no es el padre biológico de JJSM. Conjunto con la demanda, presentó el emplazamiento correspondiente dirigido solamente a la señora Malavé Rivera en su carácter personal.[1]

El **26 de abril de 2011**, el señor Sánchez Rivera emplazó a la señora Malavé Rivera. Del encabezamiento del emplazamiento surge que la parte demandada es la señora Malavé Rivera por sí y en representación del menor. Sin

---

[1] Véase, Apéndice del recurso de *Certiorari*, págs. 90-91.

embargo, el emplazamiento sólo está dirigido a la señora Malavé Rivera.[2]

Luego de emplazada, el **31 de mayo de 2011**, la señora Malavé Rivera contestó la demanda en su carácter personal e instó una reconvención solicitando el divorcio por la causal de separación. Asimismo, alegó la ausencia de una parte indispensable porque no se emplazó al menor JJSM conforme a derecho. Igualmente, indicó que procedía desestimar la acción de impugnación de paternidad por caducidad. La señora Malavé Rivera alegó que el señor Sánchez Rivera conocía desde que inscribió al menor sobre la posibilidad de que no fuera su hijo.[3] El **15 de septiembre de 2011**, el señor Sánchez Rivera contestó la reconvención presentada. En lo pertinente, negó que hiciera falta una parte indispensable y, en la alternativa, solicitó autorización para enmendar la demanda y proceder como lo ordenara el tribunal.

El **5 de diciembre de 2011**, la señora Malavé Rivera presentó un escrito intitulado *Moción solicitando radicar*

---

[2]Íd.

[3]Esta alegación no fue atendida por ninguno de los foros recurridos. Al disponer de la solicitud de desestimación, los foros recurridos se enfocaron y limitaron a dilucidar si se adquirió jurisdicción sobre la persona del menor de edad. La razón para ello es que ante una solicitud de desestimación se presumen como ciertos los hechos bien alegados. Ante ese cuadro, nos limitaremos a atender si bajo las circunstancias ante nuestra consideración procedía la desestimación de la demanda de impugnación de paternidad presentada por el señor Sánchez Rivera. Reiteramos, que no estamos prejuzgando si el señor Sánchez Rivera conocía antes de la fecha por él señalada que el menor JJSM no era su hijo.

*demanda contra terceros* y *Demanda contra Terceros*. En ésta solicitó, como madre con patria potestad del menor JJSM, incluir al Sr. Luis Osvaldo Torres León como parte en el pleito por existir la posibilidad de que éste fuera el padre biológico del menor. A este momento, el menor no contaba con un defensor judicial.[4]

El foro primario nada dispuso sobre las contenciones de las partes, por lo que el 4 de abril de 2013, la señora Malavé Rivera presentó una *Moción solicitando desestimación de demanda* en la que argumentó que procedía desestimar la causa de acción presentada por el señor Sánchez Rivera, pues el menor no formaba parte del pleito. Nuevamente señaló que faltaba una parte indispensable, por lo que solicitó la desestimación de la demanda incoada.

Por su parte, el señor Sánchez Rivera se opuso a la desestimación. Éste adujo que en el encabezamiento del emplazamiento expedido contra la señora Malavé Rivera se establecía que la parte demandada lo era ésta por sí y en representación del menor JJSM. Por tanto, arguyó que el menor JJSM fue debidamente emplazado al diligenciar el emplazamiento a su madre con patria potestad. Asimismo, argumentó que cuando la señora Malavé Rivera contestó la demanda lo hizo por sí y en representación del menor al comparecer como "la parte demandada en el caso de epígrafe", y que no fue hasta el párrafo once de su contestación que levanta la defensa de parte

_____

[4] Desde el 21 de marzo de 2014 se designó al Lcdo. Victor Antonio Brenes Concepción como defensor judicial.

indispensable. Como consecuencia, el señor Sánchez Rivera adujo que bastaba el diligenciamiento a la madre del menor JJSM para adquirir jurisdicción sobre éste por ser menor de catorce años de edad. Además, sostuvo que la madre sometió al menor a la jurisdicción del tribunal cuando contestó la demanda y presentó la demanda contra tercero.

Trabada así la controversia en torno a si procedía desestimar la demanda de impugnación de paternidad, el 28 de mayo de 2013 el Tribunal de Primera Instancia adjudicó que la señora Malavé Sánchez realizó actos que sometieron al menor a la jurisdicción del tribunal. Específicamente, el foro de instancia identificó la *Moción solicitando radicar demanda contra terceros* y la *Demanda contra Terceros*. Así, concluyó que no procedía la desestimación de la acción de impugnación de paternidad por falta de parte indispensable y caducidad.[5]

Inconforme, la señora Malavé Rivera solicitó oportunamente reconsideración y determinaciones de hechos adicionales. Particularmente, objetó la decisión del foro primario al reiterar que el menor JJSM era parte indispensable y que no se adquirió jurisdicción sobre éste, pues no fue debidamente emplazado. El señor Sánchez Rivera se opuso a la reconsideración al reiterar que se adquirió jurisdicción sobre el menor JJSM al emplazar a su madre con patria potestad. El 12 de agosto de 2013, notificada el 14 de ese mes, el Tribunal de Primera

_____

[5]Véase, Apéndice del recurso de *Certiorari*, pág. 84.

Instancia declaró no ha lugar la solicitud de la señora Malavé Rivera, lo que propició que ésta acudiera ante el Tribunal de Apelaciones para solicitar la revisión de la denegatoria a desestimar la demanda de impugnación de paternidad.

Tras una serie de consideraciones exógenas al planteamiento jurídico sobre si procedía desestimar la impugnación de paternidad por caducidad estatutaria, y luego de evaluar las posturas de las partes, el 18 de noviembre de 2013 una mayoría del Tribunal de Apelaciones expidió el recurso y confirmó al Tribunal de Primera Instancia.[6]

En síntesis, el foro apelativo intermedio reconoció que la acción de impugnación de paternidad está atada a un término de caducidad. Determinó que la demanda de impugnación de paternidad fue presentada en el referido término y que el emplazamiento diligenciado en la madre del menor era suficiente para adquirir jurisdicción sobre el menor JJSM. Fundamentó su conclusión en que surge del "propio emplazamiento que este fue dirigido a la señora Malavé Rivera, seguido por la frase **'o sea a la parte demandada arriba mencionada'**. Es decir, la parte demandada **compuesta por la señora Malavé Rivera por sí y en representación del menor**". (Énfasis en el original).[7] Ello, pues en el epígrafe de la demanda se identificó a la madre

---

[6]La Jueza Fraticelli Torres emitió un Voto Disidente.

[7]Véase, Sentencia del Tribunal de Apelaciones, Apéndice del recurso de *Certiorari*, pág. 27.

como demandada en su carácter personal y en representación del menor JJSM. De esta forma, la mayoría del Tribunal de Apelaciones concluyó que el menor JJSM fue traído como parte indispensable. A su vez, destacó que la señora Malavé Rivera sometió al menor JJSM a la jurisdicción del Tribunal de Primera Instancia cuando presentó la demanda contra tercero.

En desacuerdo, la señora Malavé Sánchez presentó un oportuno recurso de *certiorari* ante este Tribunal en el que argumentó que erró el Tribunal de Apelaciones al declarar no ha lugar la desestimación de la demanda sobre impugnación de paternidad por falta de parte indispensable del menor JJSM y caducidad.

El 20 de mayo de 2014 emitimos una Resolución en la que paralizamos los procedimientos y ordenamos al señor Sánchez Rivera mostrar causa por la cual no procedía revocar al Tribunal de Apelaciones. Con el beneficio de su comparecencia, procedemos a resolver el asunto ante nuestra consideración.

## II

Para la correcta dilucidación de la polémica presentada, es necesario comprender que la filiación es la "condición a la cual una persona atribuye el hecho de tener a otras u otros por progenitores suyos: es un hecho biológico consistente en la procreación de una persona por otras, una inicial realidad biológica recogida y regulada por el ordenamiento jurídico con el fin de distribuir

derechos y obligaciones". Sánchez v. Sánchez, 154 DPR 645, 660 (2001), citando a L. Díez-Picazo y A. Gullón, Sistema de Derecho Civil, 7ma ed., Madrid, Ed. Tecnos, 1997, Vol. IV, pág. 249. Véase, además, Castro v. Negrón, 159 DPR 568, 579-580 (2003). A tono con esta definición, hemos sido diáfanos en establecer que la filiación se desdobla en la filiación jurídica y la filiación biológica, las cuales están vinculadas entre sí. Mayol v. Torres, 164 DPR 517, 529 (2005). La filiación es de suma importancia, pues, ésta no se limita a establecer vínculos con el propósito de identificar relaciones entre partes de la sociedad, sino que va dirigida a imponer derechos y obligaciones concretas de consecuencias permanentes. Íd., pág. 531.

En nuestro ordenamiento se contemplan tres clases de acciones judiciales disponibles para asuntos relacionados con la filiación, a saber: (1) acciones de afirmación de filiación; (2) acciones de impugnación; y (3) acciones mixtas. En ésta última se busca la declaración de determinada filiación mientras que se niega otra contradictoria; ambas son declaraciones interdependientes entre sí. Álvareztorre Muñiz v. Sorani Jiménez, 175 DPR 398, 413-414 (2009); Sánchez v. Sánchez, supra, pág. 670.

Ante la importancia de la relación filial, la norma jurídica reconoce que el elemento biológico no es el único a considerarse al momento de atender controversias filiales. Por ello, no vacilamos al dictaminar que "los

criterios biológicos son los básicos, aunque éstos no siempre entran en acción". Castro v. Negrón, 159 DPR 568, 580 (2003). Más aún, "el vínculo biológico no basta por sí mismo para hacer nacer el vínculo jurídico". Íd., pág. 580. Véase R. Ortega-Vélez, La filiación: apuntes y jurisprudencia, 1ra ed., Ed. Scisco, 1997, pág. 5.

Empero, y en la medida de lo posible, este Tribunal ha abierto camino en materia de filiación para lograr que la realidad biológica coincida con la jurídica. Mayol v. Torres, supra, pág. 532; Ramos v. Marrero, 116 DPR 357, 358 (1985). Ello responde a las influencias de las corrientes jurídicas sobre la filiación, a saber: la corriente realista y la formalista. Véase Vázquez Vélez v. Caro Moreno, 182 DPR 803 (2011). La corriente realista está predicada en el llamado principio de la veracidad. Por su parte, la corriente formalista otorga mayor peso a otros elementos o principios como la paz familiar y la seguridad jurídica, colocando la verdad y la realidad biológica en un segundo plano. Mayol v. Torres, supra, págs. 532-533. Véase M. Fraticelli Torres, Relevancia actual y secuela jurisprudencial de Ocasio v. Díaz, 50 Rev. Der. P.R. 101, 108 (2010).

Ahora bien, este Tribunal no ha dejado de reconocer la importancia de velar porque se propenda una seguridad jurídica en materia de filiación para responder a la preocupación en lo que respecta a la identidad del individuo desde su aspecto jurídico y sicológico. Mayol v.

Torres, *supra*, pág. 553. Así, en ocasiones, la filiación jurídica no coincide con la filiación biológica. Calo Morales v. Cartagena Calo, 129 DPR 102, 112 (1991). Ello, pues "[l]o funcional y lo social tiene a veces mayor trascendencia que el mero elemento natural o biológico". J. Rams Albesa y R. Moreno Flórez, Comentarios al Código Civil, Barcelona, Ed. Bosch, 2000, T. II, Vol. 2, pág. 1077. En este sentido, aspiramos a lograr una reconciliación de la necesidad de identificar la verdadera filiación biológica y, a su vez, propiciar una estabilidad filial. Esa aspiración está enmarcada en una firme política pública que nos obliga a velar por el interés prioritario de proteger a la niñez por encima del interés particular del presunto padre o la presunta madre.

Con el fin de lograr ese balance, hemos optado por liberalizar la búsqueda de la verdad **mientras esté vigente** el plazo de caducidad para ello. Mayol v. Torres, *supra*, pág. 554. De esta forma, acatamos la política pública en cuanto a los términos de caducidad impuestos para ejercitar la acción de impugnación de paternidad o reconocimiento y logramos proteger el interés apremiante en la estabilidad del estado filial. Álvareztorre Muñiz v. Sorani Jiménez, *supra*, pág. 416; Mayol v. Torres, *supra*, pág. 553. Los términos de caducidad, en esencia, responden a la consideración de los efectos negativos sobre la estabilidad familiar que conlleva el ejercicio de estas acciones y procura evitar que el asunto en torno a la

filiación permanezca abierto indefinidamente. González Rosado v. Echevarría Muñiz, 169 DPR 554, 562 (2006); Castro v. Negrón, *supra*, págs. 595-596.

Al establecerse un término de caducidad para las acciones de filiación se pretende propiciar una estabilidad. Ello, pues, la caducidad no admite interrupción y se utiliza para marcar la decadencia de un derecho, o su pérdida por no haber cumplido la formalidad o condición exigida dentro del plazo determinado. Castro v. Negrón, *supra*, pág. 596, esc. 25, citando a R. Ortega-Vélez, Compendio de derecho de familia, San Juan, Publicaciones JTS, 2000, T. I, pág. 393. Su propósito es establecer de antemano hasta cuándo se puede ejercer un derecho. Muñoz v. Ten General, 167 DPR 297, 302 (2006). Una vez transcurrido un término de caducidad, se extingue el derecho a la causa de acción por el mero transcurso del tiempo.

En lo concerniente a las acciones de filiación, la ley establece los términos de caducidad que aplican a las reclamaciones de filiación de los hijos y las acciones de impugnación de los padres. Ambas están regidas por términos de caducidad distintos, ya que los hijos no están igualmente situados en nuestro ordenamiento jurídico, por lo que se les reconoce a éstos un trato diferencial en los plazos para instar sus acciones de filiación. Calo Morales v. Cartagena Calo, *supra*, págs. 121-122.

En cuanto a los hijos, los términos de caducidad para éstos son más amplios que el de impugnación de los padres, pues el Art. 126 del Código Civil, 31 LPRA sec. 505, dispone que el hijo puede establecer la acción de reconocimiento contra sus padres en: (1) vida de éstos; (2) dentro del año siguiente a la muerte de éstos, excepto cuando el padre o madre haya muerto y el hijo sea menor de edad, en cuyo caso podrá instarla hasta cuatro años siguientes de haber alcanzado la mayoría de edad; o (3) dentro de seis meses siguientes a que, luego de la muerte del padre o la madre, apareciera algún documento del que no se hubiera sabido y en el cual se le reconozca como hijo. Calo Morales v. Cartagena Calo, *supra*, págs. 119-121. Véanse: Texidor Díaz v. Tribunal Superior, 94 DPR 666 (1967); Ortiz Rivera v. Sucn. González Martínez, 93 DPR 562 (1966). Éstos son los términos que le aplican al hijo que inste una acción mixta. El fundamento para ello consiste en que la acción mixta es primordialmente una de filiación como pretensión principal y una impugnación accesoria de lo que ya se posee contradictoriamente. Se trata de una acción de filiación principal de la cual la impugnación es accesoria. Sánchez v. Sánchez, *supra*, pág. 673.

Por su parte, los términos de caducidad de los padres están regidos por el Art. 117 del Código Civil, 31 LPRA

sec. 465, según enmendado por la Ley Núm. 215-2009,[8] el
cual dispone cuándo debe ejercitarse la acción para
impugnar al establecer lo siguiente:

> **La acción para impugnar la presunción de
> paternidad** o maternidad, **por parte del padre
> legal deberá ejercitarse dentro del plazo de
> caducidad de seis meses, contados a partir de
> la fecha de que advenga en conocimiento de la
> inexactitud de la filiación** ….
>
> La acción para impugnar la presunción de
> paternidad o maternidad, por parte del padre o
> la madre biológica(o), así como la madre legal,
> deberá ejercitarse dentro del plazo de
> caducidad de un año, contado a partir de la
> inscripción del nacimiento del menor en el
> Registro Demográfico.
>
> **Cuando la acción de impugnación se refiere a un
> hijo que no ha alcanzado la mayoría de edad, el
> Tribunal velará por el interés prioritario del
> estado de proteger la niñez sobre el interés
> del presunto padre o de la presunta madre de
> conformar la realidad jurídica con la
> biológica.** (Énfasis suplido).

---

[8]La Ley Núm. 215-2009, incorporó varios cambios
trascendentales al esquema de impugnación de paternidad.
Entre otros y en concreto, se apartó del factor de
ubicación geográfica para establecer el término de
caducidad para la impugnación de filiación y se enfocó en
la persona que promueve la reclamación al establecer
términos para el padre legal y para la madre o padre
biológico. Véase Vázquez Vélez v. Caro Moreno, 182 DPR
803, 817-819 (2011). Asimismo, la mencionada ley considera
los avances científicos y los cambios sociales para
prolongar el término de caducidad para las distintas
personas con legitimación para ello. Específicamente, el
término de caducidad para el padre legal se debe computar
desde que éste adviene en conocimiento de la inexactitud
biológica. Por su parte, la madre o padre biológico tendrá
un año a partir de la inscripción en el Registro
Demográfico para instar su acción de impugnación de
paternidad. Véanse: Informe Positivo del Senado de Puerto
Rico sobre el P. del S. 1195 de octubre de 2009, 2da
Sesión Ordinaria, 16ta Asamblea Legislativa; Informe
Positivo de la Cámara de Representantes sobre el P. del S.
1195 de 9 de noviembre de 2009, 2da Sesión Ordinaria, 16ta
Asamblea Legislativa.

Como consecuencia, la Ley Núm. 215, *supra*, dispuso un término de caducidad de seis meses desde que el padre legal se entere de la inexactitud en la filiación. Por su parte, el padre o la madre biológica o la legal, tendrán un término de caducidad de un año a partir de la inscripción del menor en el Registro Demográfico. La prolongación de los términos de caducidad está encaminada a promover que la realidad biológica coincida con la registral manteniendo un balance en la búsqueda de la estabilidad de los derechos y obligaciones nacidos de la filiación. Bonilla Ramos v. Dávila Medina, 185 DPR 667, 674-675 (2012). Empero, la Ley Núm. 215, *supra*, estableció claramente que en el caso de menores de edad el norte de los tribunales es proteger la niñez sobre el interés del presunto padre o madre de conformar la realidad jurídica con la biológica.

Transcurridos los términos dispuestos en la Ley Núm. 215, *supra*, si no se promueve la acción de impugnación de paternidad dentro del plazo señalado, ocurre la caducidad y queda consolidada la paternidad para todos los efectos. Véase Ortega-Vélez, op. cit., pág. 21. En otras palabras, no presentar la acción en el tiempo de caducidad dispuesto implica que "el hijo, aunque biológicamente no lo sea, jurídicamente se reputará suyo, con todos los efectos que conlleva tal estado civil. Tal resultado es el efecto del carácter de caducidad del término". Calo Morales v. Cartagena Calo, *supra*, págs. 122-123. Véanse: Bonilla

Ramos v. Dávila Medina, *supra*, págs. 675-677; Vázquez Vélez v. Caro Moreno, 182 DPR 803, 814-817 (2011); B.B.V. v. E.L.A., 180 DPR 681, 688 (2011); Álvareztorre Muñiz v. Sorani Jiménez, *supra*, pág. 411; Sánchez v. Sánchez, *supra*, pág. 675; Almodóvar v. Méndez Román, 125 DPR 218, 252-253 (1990).[9] De igual manera sucede si el hijo no entabla la acción dentro del término dispuesto en el Art. 126 del Código Civil, *supra*. Transcurrido ese término se consolida su estado filial.

III

Una vez establecida la naturaleza de la filiación y el plazo de caducidad para ejercitarla, debemos analizar cómo se tramita la impugnación de paternidad de un menor de menos de catorce años de edad.

Recientemente, en Bonilla Ramos v. Dávila Medina, *supra*, atendimos una situación similar a la que tenemos ante nuestra consideración. En aquella ocasión, se trataba de la impugnación de paternidad de un menor de dieciséis años de edad que **no** fue incluido en el pleito al momento de presentar la demanda. Tampoco fue emplazado conforme disponen las reglas procesales dentro del término de caducidad.[10]

---

[9]Un pleito se inicia con la presentación de una demanda en el tribunal. Regla 2 de Procedimiento Civil de 2009, 32 LPRA Ap. V, R. 2.

[10]En Bonilla Ramos v. Dávila Medina, 185 DPR 667, esc. 1 (2012), se solicitó incluir al menor transcurrido el plazo dispuesto en la Ley Núm. 215.

A base de esos hechos, y como controversia medular, este Tribunal determinó que el menor cuya paternidad se impugna es parte indispensable en una acción de impugnación de paternidad y no basta con demandar a quien ostenta su patria potestad. Bonilla Ramos v. Dávila Medina, *supra*, págs. 679, 682. Aclaramos que la madre es, a lo sumo, una parte demandada apropiada. Véanse: Chabrán v. Méndez, 74 DPR 768, 778-780 (1953); Robles López v. Guevárez Santos, 109 DPR 563 (1980). Como consecuencia, determinamos que procedía desestimar la acción presentada por no haberse demandado al menor dentro del término de caducidad dispuesto en la Ley Núm. 215, *supra*. Bonilla Ramos v. Dávila Medina, *supra*, pág. 670.

En esta ocasión, nos corresponde establecer cómo el tribunal adquiere jurisdicción sobre la persona de un menor, de menos de catorce años de edad, que fue incluido en el pleito de impugnación de paternidad instado en su contra. A estos efectos, debemos recordar que aunque los menores de edad poseen personalidad jurídica, carecen de capacidad de obrar, por lo que éstos deben comparecer a los procedimientos judiciales representados por su padre o madre con patria potestad, su tutor general o un defensor judicial. Bonilla Ramos v. Dávila Medina, *supra*, pág. 678; Álvareztorre Muñiz v. Sorani Jiménez, *supra*, pág. 419; Art. 153 del Código Civil, 31 LPRA sec. 601; Regla 15.2 de las de Procedimiento Civil de 2009, 32 LPRA Ap. V, R. 15.2; R. Hernández Colón, Práctica jurídica de Puerto

Rico: Derecho Procesal Civil, 5ta ed., San Juan, Ed. Lexisnexis, 2010, Sec. 1110, pág. 149. Ante ello, cuando el menor es demandado se debe incluir en la demanda a su madre o padre con patria potestad como parte formal del proceso. Hernández Colón, op.cit., pág. 149.

Ahora bien, el mero hecho de que se incluya al menor de edad en la demanda y a su madre o padre con patria potestad en ésta, no confiere jurisdicción al tribunal sobre su persona. Para que el menor advenga en conocimiento de la acción instada en su contra, resulta necesario acudir a las disposiciones procesales relacionadas con el emplazamiento. Veamos.

El emplazamiento constituye el acto procesal mediante el cual se le informa al demandado sobre la demanda presentada en su contra y se le requiere comparecer para formular la alegación que corresponda. Mediante el emplazamiento, es que se adquiere jurisdicción sobre la persona del demandado. Márquez v. Barreto, 143 DPR 137, 142 (1997). Por tal razón, los demandados tienen un derecho a ser emplazados conforme a derecho.

El emplazamiento está regido por las disposiciones contenidas en la Regla 4 de las de Procedimiento Civil de 2009, 32 LPRA Ap. V, R. 4. Estas disposiciones son de estricto cumplimiento, y no puede eximirse su observancia por responder al imperativo constitucional del debido proceso de ley. Íd., pág. 143; Hernández Colón, op. cit., Sec. 2001, pág. 221. Véase Medina v. Medina, 161 DPR 806,

818-819 (2004). A raíz de ello, existe una política pública de que la parte demandada sea emplazada debidamente. J.A. Cuevas Segarra, Tratado de Derecho Procesal Civil, Tomo I, (2011), pág. 298; Quiñones Román v. Cía. ABC, 152 DPR 367, 374 (2000) citando a First Bank of P.R. v. Inmob. Nac., Inc., 144 DPR 901, 916 (1998) (*Per Curiam*). Conforme con lo anterior, **"no es hasta que se diligencia el emplazamiento y se adquiere jurisdicción que la persona puede ser considerada propiamente parte; aunque haya sido nombrada en el epígrafe de la demanda, hasta ese momento sólo es parte nominal"**. (Énfasis suplido). Cuevas Segarra, op. cit., pág. 307. Véanse: Medina v. Medina, *supra*, págs. 822-823; Acosta v. ABC, Inc., 142 DPR 927, 931 (1997).

El emplazamiento debe diligenciarse dentro del término de ciento veinte días a partir de la presentación de la demanda. Transcurrido ese periodo, sin que se haya diligenciado el emplazamiento, el tribunal "deberá dictar sentencia decretando la desestimación y archivo sin perjuicio". Regla 4.3 (c) de las de Procedimiento Civil de 2009, 32 LPRA Ap. V., R. 4.3(c). Véase Cuevas Segarra, op. cit., pág. 313.[11]

---

[11]Al instar la demanda el demandante tiene la obligación de presentar el formulario del emplazamiento y es el deber de la Secretaría expedir el emplazamiento que se acompaña con la demanda en la misma fecha en que ésta se presenta. Véase Regla 4.1 de las de Procedimiento Civil de 2009, 32 LPRA Ap. V, R. 4.1. Por su parte, el demandante tiene el deber de gestionar que así se haga. Banco de Desarrollo Económico v. A.M.C. Surgery, 157 DPR 150 (2002). La prórroga para emplazar sólo se concede en

En su aspecto formal, las Reglas de Procedimiento Civil de 2009 acogieron las recomendaciones del Comité Asesor Permanente de Reglas de Procedimiento Civil para que se uniformara el formulario para emplazar. Por consiguiente, las nuevas reglas procesales contienen el Formulario 1, que expone el contenido que debe tener todo emplazamiento. Concretamente, se indica que el emplazamiento "se dirigirá a la parte demandada", por lo que el Formulario 1 advierte que se debe expresar el nombre de la parte demandada que se emplaza, independiente del encabezamiento de la acción. Así, habrá que "acompañar con la demanda para su expedición un emplazamiento **por separado para cada parte demandada**", es decir, "el emplazamiento debe ser expedido por cada parte que est[é] nombrada en el epígrafe de la demanda como demandado". Véanse: Cuevas Segarra, op. cit., págs. 307-308; Regla 4.2 y Formulario 1 de las de Procedimiento Civil de 2009, 32 LPRA Ap. V, R. 4.2, Formulario 1.

Una vez expedido el emplazamiento para cada parte demandada, las reglas procesales disponen cómo debe diligenciarse. En lo pertinente, la Regla 4.4 (a) y (b) de las de Procedimiento Civil de 2009, 32 LPRA Ap. V, R. 4.4 (a) y (b) rigen el emplazamiento a una persona mayor de edad y a los menores, respectivamente. Puntualizamos que

---

caso de tardanza en la expedición del emplazamiento; de lo contrario, estamos ante un término improrrogable. R. Hernández Colón, Práctica jurídica de Puerto Rico: derecho procesal civil, 5ta ed., San Juan, Ed. Lexisnexis, 2010, sec. 2007, pág. 230.

para emplazar a un mayor de edad es suficiente que se entregue copia del emplazamiento y de la demanda al demandado personalmente, a un agente autorizado por éste, o designado por ley. Regla 4 (a) de las de Procedimiento Civil de 2009, *supra*.

De otra parte, en cuanto a los menores de menos de catorce años de edad se dispone que se entregará copia del emplazamiento y de la demanda a su padre o madre con patria potestad, o tutor(a). Regla 4 (b) de las de Procedimiento Civil de 2009, *supra*. Así, el diligenciamiento del emplazamiento a un menor de catorce años de edad se hace con entrega personal a la madre o padre con patria potestad o tutor(a).[12]

Ahora bien, cuando en un pleito se demanda al padre o madre con patria potestad de un menor de menos de catorce años de edad en su carácter personal y, a su vez, se demanda a ese menor como parte del proceso, se requiere que cada uno de los demandados sea debidamente emplazado. Véase Cuevas Segarra, op. cit., págs. 307-308. Por lo tanto, para que el tribunal adquiera jurisdicción sobre todos, es necesario que se les emplace. Véanse: Vega v.

---

[12]Ello se diferencia de lo dispuesto durante la vigencia del Art. 93 del Código de Enjuiciamiento Civil, 1904 Leyes de Puerto Rico 177, 197, que establecía que el emplazamiento a menores de edad debía notificarse al padre, madre o tutor(a) y personalmente al menor. Véanse: Biaggi v. Corte, 68 DPR 407 (1948); Federal Land Bank of Baltimore v. Corte, 45 DPR 117 (1933); Rodríguez Soler v. Alonso, 37 DPR 344 (1927); Vías v. Sucesión Pérez et al., 15 DPR 732 (1909); Orcasitas v. Márquez et al., 19 DPR 477 (1913); Gaudier v. Sucn., García, 10 DPR 26 (1906).

<u>Bonilla</u>, 153 DPR 588, 592 (2001) (*Per Curiam*); <u>Pauneto v.</u>
<u>Nuñez</u>, 115 DPR 591, 594 (1984).

En estos casos, el diligenciamiento del emplazamiento
al padre o madre con patria potestad en su carácter
personal debe cumplir con las disposiciones de la Regla
4.4 (a) de las de Procedimiento Civil de 2009, *supra* y el
del menor de edad con la Regla 4.4(b) de ese cuerpo
procesal. Como consecuencia, el emplazamiento del padre o
madre en su carácter personal no resulta suficiente para
adquirir jurisdicción sobre el menor de edad. Ello, pues
el menor de edad es una persona con capacidad jurídica
independiente a la de su padre o madre con patria
potestad. Así, se debe cumplir con la Regla 4.4 (b) de las
Reglas de Procedimiento Civil de 2009 que exige que el
menor de edad sea emplazado por conducto de su padre o
madre con patria potestad o tutor(a). Ahora bien, esto no
necesariamente implica ni impone la entrega de dos
emplazamientos a la misma persona. Bastaría con que se
diligencie el emplazamiento en su carácter personal al
padre o madre con patria potestad y que, a su vez, surja
del emplazamiento que se le emplazó y diligenció como
representante del menor de edad, es decir, "por sí y en
representación de".

En fin, el emplazamiento personal al padre o madre
con patria potestad de un menor de menos de catorce años
de edad, quien es a su vez parte demandada en su carácter
personal, no puede conllevar que automáticamente el menor

de edad demandado haya quedado emplazado o sometido a la jurisdicción del tribunal. Para que el menor quede emplazado tiene que surgir del emplazamiento que éste va dirigido al menor de edad por conducto de su padre o madre con patria potestad, o tutor(a). Lo contrario implicaría abdicar el hecho de que el menor de edad goza de una personalidad propia y distinta a la de su representante.

Finalmente, no podemos pasar por alto que el derecho al emplazamiento es renunciable. Tal renuncia puede suceder cuando la parte demandada se somete voluntariamente a la jurisdicción del Tribunal. Vázquez v. López, 160 DPR 714, 721 (2003); Qume Caribe, Inc. v. Srio. de Hacienda, 153 DPR 700, 711 (2001). La sumisión voluntaria suple la omisión del emplazamiento, ya que tiene el efecto de que el tribunal adquiera jurisdicción sobre la persona. Una parte puede someterse al tribunal de forma explícita o implícita. Sterzinger v. Ramírez, 116 DPR 762, 789 (1985). La sumisión voluntaria puede suceder cuando comparece voluntariamente y realiza algún acto sustancial que la constituya parte en el pleito. Álvarez v. Arias, 156 DPR 352, 373 (2002); Qume Caribe, Inc. v. Srio. de Hacienda, *supra*, pág. 711.

A base del estado de derecho expuesto, debemos determinar si procede la desestimación de la demanda de paternidad presentada por el señor Sánchez Rivera por falta de parte indispensable del menor JJSM y caducidad.

IV

En el caso de autos, y a base de sus alegaciones, el señor Sánchez Rivera presentó una acción de impugnación de paternidad contra el menor JJSM y su madre con patria potestad dentro del plazo de caducidad de seis meses dispuesto en la Ley Núm. 215-2009. De esta forma, se presentó una demanda de impugnación de paternidad el 14 de abril de 2011 en la que el señor Sánchez Rivera sostuvo que el 6 de enero de 2011 la señora Malavé Rivera le manifestó que JJSM no era su hijo. A base de tales alegaciones, el plazo de caducidad para impugnar la paternidad del menor culminó el 5 de julio de 2011. No obstante, se cuestiona si procedía la desestimación de la demanda porque el menor no fue emplazado conforme a derecho y el tribunal no adquirió jurisdicción sobre éste.

Para atender la polémica suscitada, debemos dilucidar si el menor JJSM fue debidamente emplazado. El señor Sánchez Rivera sostiene que las alegaciones de la demanda son claras y precisas con relación a su reclamo contra la señora Malavé Rivera y contra el menor JJSM. Como consecuencia, arguye que el emplazamiento diligenciado a la señora Malavé Rivera era suficiente para emplazar al menor JJSM porque de éste surge que va dirigido a la señora Malavé Rivera, "o sea la parte arriba demandada" y en el encabezado de la demanda se incluyó al menor JJSM representado por su madre. No nos persuade su argumento.

Como expusimos, la Regla 4.2 de las de Procedimiento Civil de 2009, *supra*, expresamente dispone el contenido del emplazamiento. A estos efectos, establece que el emplazamiento "se dirigirá a la parte demandada". Igualmente, del Formulario 1 de ese cuerpo de reglas procesales se desprende que en éste se escribe el nombre de la parte demandada que se emplaza. Estos requisitos son de estricto cumplimiento.

A poco se examine el emplazamiento que obra en autos, resalta que el formulario presentado únicamente está dirigido a la señora Malavé Rivera en su carácter personal como parte demandada. En ningún momento el emplazamiento está dirigido a la señora Malavé Rivera por sí y en representación del menor JJSM, como tampoco fue diligenciado de esta forma. El sólo hecho de que en el encabezado de la demanda se identifique a la parte nominal y el emplazamiento haga referencia a ésta no justifica el incumplimiento con las normas procesales referentes a que la parte contra quien se diligencia el emplazamiento debe constar en el formulario para ello. No podemos olvidar que el emplazamiento responde a un imperativo constitucional del debido proceso de ley. Mucho menos podemos ignorar la realidad de que el menor de edad posee una capacidad jurídica independiente de la de su madre o padre con patria potestad. Por lo tanto, el emplazamiento por el cual se adquiere jurisdicción sobre la persona del representante de un menor, por sí sólo, no puede

comprender al menor representado cuando ambos son parte demandada en una acción. Para que se adquiera jurisdicción sobre el menor demandado, es necesario que se le emplace expresamente por conducto de su representante legal. Sin embargo, si su representante legal también figura como parte demandada no bastará que se adquiera jurisdicción sobre éste para que se entienda que el menor fue debidamente emplazado. Es necesario que se haga constar que tanto el representante legal como el menor representado fueron debidamente emplazados. Lo contrario sólo repercute en el diligenciamiento del emplazamiento en una de las partes demandadas, es decir, en este caso, la madre con patria potestad en su carácter de parte demandada personalmente. Como consecuencia, el emplazamiento a la señora Malavé Rivera no fue suficiente para adquirir jurisdicción sobre el menor JJSM.

Por ende, el tribunal de instancia estaba obligado, por imperativo de las reglas procesales, a desestimar la acción de impugnación de paternidad presentada por el señor Sánchez Rivera. Véase Regla 4.3(c) de las de Procedimiento Civil de 2009, *supra*.

Por otra parte, el menor no fue sometido a la jurisdicción del tribunal cuando su madre contestó la demanda. La razón para esto consiste en que de la propia contestación a la demanda surge inequívocamente que la parte demandada que contestó fue la señora Malavé Rivera. Nótese que ésta juramentó su contestación aduciendo que

era ella quien comparecía e incluso solicitó el divorcio del señor Sánchez Rivera. De igual forma, es en la propia contestación que la señora Sánchez Rivera afirmó que faltaba una parte indispensable debido a que el menor JJSM no fue traído al pleito ni emplazado. Dadas estas circunstancias, sería un contrasentido entender que mediante su contestación sometió al menor JJSM a la jurisdicción del tribunal. De otra parte, la demanda contra tercero presentada el 5 de diciembre de 2011 no tuvo el efecto que pretende adjudicarle el señor Sánchez Rivera a los efectos de someter al menor JJSM a la causa de impugnación de paternidad en su contra. La razón para ello es muy sencilla.

La acción de impugnación de paternidad del señor Sánchez Rivera es una independiente a la demanda contra tercero presentada por la señora Malavé Rivera en representación del menor JJSM. No debe existir duda de que la presentación de una demanda contra tercero constituye un acto sustancial por el cual una parte puede someterse voluntariamente ante un tribunal. Sin embargo, el caso de autos presenta una situación fáctica muy particular que no produce el efecto de revivir la demanda de impugnación de paternidad presentada por el señor Sánchez Rivera. Veamos.

Para que la demanda contra tercero tuviera el efecto de evitar la desestimación de la acción del señor Sánchez Rivera, ésta debía someter al menor a la jurisdicción del tribunal dentro del plazo de caducidad. Recordemos que la

acción del padre tiene un término de caducidad menor al que tiene la acción de un hijo para reclamar su estado filial. Así, la acción del presunto padre caduca transcurrido el término dispuesto en la Ley Núm. 215, *supra,* mientras que la del hijo no caduca en ese tiempo, pues éste la puede ejercer incluso hasta luego de la muerte de su presunto padre, conforme dispone el Art. 126 del Código Civil, *supra*. Véanse: Sánchez v. Sánchez, *supra*, págs. 672-673; González Rosado v. Echevarría Muñiz, *supra*, pág. 572 esc. 7. Bajo ninguna circunstancia la acción del menor JJSM contra un tercero puede dar vida al término de caducidad que gozaba su presunto padre para ejercer la suya. Avalar tal actuación sería abdicar nuestra función judicial de velar por la política pública promulgada por la Ley Núm. 215, *supra,* de proteger prioritariamente la niñez sobre el interés del presunto padre de conformar la realidad jurídica con la biológica.

Cuando la madre del menor JJSM presentó por sí y en representación de su hijo su demanda contra tercero el 5 de diciembre de 2011, ya había caducado la acción de impugnación de su presunto padre. Ante tal realidad, el tribunal venía obligado a desestimar la acción del señor Sánchez Rivera. Ello, pues aunque ejerció su acción a tiempo, el foro primario nunca adquirió jurisdicción sobre el menor JJSM por lo que procedía la desestimación de la demanda. El menor tampoco se sometió a la jurisdicción del tribunal dentro del término de caducidad que tenía el

señor Sánchez Rivera para instar su reclamo. Ante tal escenario, es un hecho indubitado que procedía la desestimación de la impugnación de paternidad presentada por el señor Sánchez Rivera, independientemente del resultado que en su día pueda tener la acción ejercitada por el menor JJSM.

Como corolario, erró el Tribunal de Apelaciones al no desestimar la demanda de impugnación de paternidad presentada por el señor Sánchez Rivera.

V

Por las razones que anteceden, expedimos el recurso de *certiorari*, revocamos al Tribunal de Apelaciones y desestimamos la demanda de impugnación de paternidad, presentada por el señor Sánchez Rivera, ya que no existe razón para posponer tal dictamen. Devolvemos el caso de epígrafe al Tribunal de Primera Instancia para la continuación de los procedimientos pendientes ante su consideración, conforme a lo aquí resuelto.

Luis F. Estrella Martínez
Juez Asociado

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | | |
|---|---|---|
| Jesús Sánchez Rivera<br><br>Recurrido<br><br>v.<br><br>Yajaida Malavé Rivera, por sí y en representación del menor JJSM<br><br>Peticionaria<br><br>v.<br><br>Luis Osvaldo Torres León<br><br>Tercer Demandado | CC-2014-071 | Certiorari |

SENTENCIA

San Juan, Puerto Rico, a 9 de abril de 2015.

Por los fundamentos expuestos en la Opinión que antecede, la cual se hace formar parte de la presente Sentencia, se expide el recurso de *certiorari*, se revoca al Tribunal de Apelaciones y se desestima la demanda de impugnación de paternidad, presentada por el señor Sánchez Rivera, ya que no existe razón para posponer tal dictamen. Se devuelve el caso de epígrafe al Tribunal de Primera Instancia para la continuación de los procedimientos pendientes ante su consideración, conforme a lo aquí resuelto.

Así lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo. La Jueza Asociada señora Pabón Charneco y el Juez Asociado señor Rivera García disienten sin opiniones escritas. El Juez Asociado señor Kolthoff Caraballo no intervino.


Aida Ileana Oquendo Graulau
Secretaria del Tribunal Supremo