Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| | | |
|---|---|---|
| MARÍA DE LOURDES SANTIAGO RODRÍGUEZ **Parte Apelante** V. NELSON QUIÑONES MOJÍCA Y CARMEN NEREIDA QUIÑONES MOJÍCA **Parte Apelada** | KLAN202400370 | *APELACIÓN* procedente del Tribunal de Primera Instancia, Sala Superior de Bayamón Civil. Núm. D3AC2017-0014 Sobre: LIQUIDACIÓN DE BIENES GANANCIALES |

Panel integrado por su presidente, el Juez Hernández Sánchez, el Juez Bonilla Ortiz y la Jueza Mateu Meléndez.

Hernández Sánchez, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 17 de mayo de 2024.

El 12 de abril de 2024, la Sra. María de Lourdes Santiago Rodríguez (señora Santiago o apelante) compareció ante nos mediante un recurso de *Apelación* y solicitó la revisión de una *Sentencia* que se dictó el 20 de febrero de 2024 y se notificó el 21 de febrero de 2024 por el Tribunal de Primera Instancia, Sala Superior de Toa Alta (TPI). Mediante el aludido dictamen, el TPI declaró No Ha Lugar la solicitud para que se dicte Sentencia en rebeldía que presentó la señora Santiago. Además, desestimó, sin perjuicio, la *Demanda Enmendada* que presentó la señora Santiago en cuanto a lo que respecta al Sr. Santiago Quiñones Marrero (senor Quiñones) y su hija, la Sra. Carmen Nereida Quiñones Mojica (señora Quiñones Mojica). Basó esta determinación en que nunca adquirió jurisdicción sobre estos últimos por no haber sido emplazados dentro del término provisto en las Reglas de Procedimiento Civil.

Por los fundamentos que expondremos a continuación, ***confirmamos*** el dictamen recurrido.

Número Identificador

SEN2024 _____

I.

Los hechos procesales del presente caso se formularon del apéndice ante nuestra consideración y de la *Sentencia* que dictamos el 20 de abril de 2022 en el Caso Núm. KLCE202200229.

El 23 de marzo de 2017, la señora Santiago presentó una *Demanda* sobre liquidación de bienes gananciales en contra del Sr. Nelson Quiñones Mojica (señor Quiñones).[1] En esta, alegó que, el 10 de diciembre de 2010 se divorció de este último y en las estipulaciones consignadas en la Sentencia de divorcio, no se adjudicó la totalidad de los bienes gananciales existentes entre ellos. Adujo que estos bienes gananciales consistían en un beneficio de retiro y una construcción de una propiedad inmueble. Particularmente, en cuanto a la propiedad inmueble, sostuvo que ella y el señor Quiñones habían construido una propiedad en el segundo nivel de una estructura residencial perteneciente a los padres de este último. Indicó que, posterior a la construcción, estos remodelaron la totalidad de la estructura convirtiéndola en una sola residencia de dos niveles, la cual, a su juicio, tenía un valor de $60,000.00. Planteó que dicha propiedad la residía el señor Quiñones, por lo que solicitó que se le asignara un valor de renta y que este último le pagara una mensualidad de la mitad de dicho valor. Además, reclamó $50,000.00 como parte de la división de bienes gananciales.

Por su parte, el 24 de abril de 2017, el señor Quiñones presentó su alegación responsiva.[2] Contrario a lo alegado por la señora Santiago, afirmó que la Sociedad Legal de Gananciales compuesta por ambos se extinguió mediante la Sentencia de divorcio emitida en el año 2010 y que cualquier bien no incluido en

---

[1] Véase, págs. 13-15 del apéndice del recurso.
[2] Íd., págs. 17-18.

la misma había sido renunciado. Además, negó que la construcción de la propiedad hubiese sido realizada por él y la señora Santiago.

El 14 de mayo de 2018, durante la celebración de una vista, se alegó falta de parte indispensable. Ello, ante el hecho de que la propiedad en controversia les pertenecía a los padres del señor Quiñones. Posteriormente, el 5 de julio de 2018, el señor Quiñones presentó *Moción Solicitando Desestimación Parcial.* En síntesis, adujo que, según las alegaciones de la *Demanda*, la residencia sobre la cual la apelante reclamaba un crédito era propiedad de sus padres. Por ello, sostuvo que, tomando como cierta dicha alegación, la *Demanda* se debía desestimar, pues la reclamación del crédito debió ser dirigida al titular de la propiedad. En otras palabras, alegó que, en caso de que la apelante demostrara que fue constructora de buena fe, lo que poseía era un crédito como comunera por el dinero que invirtió en la propiedad privada, el cual tenía que ser reclamado a los dueños de esta. El 23 de julio de 2018, la apelante se opuso.

Atendida la solicitud de desestimación, tras la presentación de un recurso de *certiorari* ante este Tribunal y una orden solicitando que se fundamentara la determinación, el 1 de noviembre de 2018, el TPI emitió *Resolución* fundamentada. Mediante su dictamen, en lo pertinente, el TPI emitió las siguientes determinaciones de hechos:

1. [...]

2. Los padres del demandado le cedieron al matrimonio la oportunidad de construir sobre una residencia suya.

3. Con la anuencia, autorización y consentimiento de los padres del demandado, las partes construyeron una segunda planta sobre una estructura existente en un terreno ubicado en el Barrio Quebrada Cruz, Parcela 119 en Toa Alta, Puerto Rico.

4. Durante el matrimonio, las partes construyeron y unieron la primera planta y segunda planta, convirtiéndola en una sola estructura con la anuencia y consentimiento de los padres del demandado.

5. Las partes se convirtieron en edificantes de buena fe sobre suelo ajeno.

6. [...]

7. [...]

8. [...]

9. Las aportaciones realizadas para la construcción de la residencia familiar fueron a cargo de la sociedad legal de gananciales.

10. Las construcciones realizadas convirtieron una nueva y sola estructura sobre terreno perteneciente a un tercero, y el valor de dicha estructura al ser construida con dinero ganancial es ganancial.

11. [...]

12. El tercero dueño del terreno donde ubica la estructura ganancial no ha ejercido su derecho accesorio.

A base de lo anterior, determinó que el dueño del terreno sobre el cual se construyó la propiedad en controversia no era parte indispensable. En específico, resolvió que para determinar la participación ganancial de las partes sobre una estructura cedida y construida con dinero ganancial y con la anuencia de los padres del señor Quiñones, no hacía falta traer al pleito a un tercero, dueño del terreno, pues su derecho al terreno permanecería intacto. Además, determinó que no procedía la desestimación, debido a que existía una causa de acción que ameritaba la celebración de un juicio. Dicha *Resolución* fue confirmada por este tribunal en el Caso Núm. KLCE201801483.

El 29 de septiembre de 2020, tras la celebración de una vista, el señor Quiñones y la señora Santiago se allanaron a que se dictara sentencia por las alegaciones. En consecuencia, en esa misma fecha, el foro primario emitió una *Sentencia* que se notificó el 20 de octubre de 2020.[3] Mediante esta, entre otras cosas, el TPI acogió las determinaciones de hechos 2, 3, 4, 5, 9, 10 y 12 emitidas en la

---

[3] Íd., págs. 21-28.

*Resolución* del 1 de noviembre de 2018 y transcritas anteriormente, relacionadas con la propiedad en controversia. Así, a base de ellas, en lo pertinente, determinó que el constructor de buena fe en suelo ajeno tenía el título del dominio de lo edificado hasta tanto el dueño del suelo hiciera uso de su derecho optativo y le pagara al propietario de la edificación los materiales y la mano de obra invertidos en la construcción o lo obligara a comprarle el terreno. Por otro lado, determinó que el derecho del tercero no quedaba afectado, pues este conservaba los derechos de hipoteca, servidumbre y los otros derechos reales que le pertenecían antes de la partición. En cuanto a la imposición de renta, determinó que, aunque sí procedía, las partes habían accedido a que se dictara Sentencia por la cantidad de $50,000.00. En consecuencia, declaró con lugar la *Demanda* y, entre otras cosas, ordenó al señor Quiñones a pagarle a la apelante $50,000.00 en concepto de liquidación de bienes gananciales.

Así las cosas, el 17 de febrero de 2021, la señora Santiago presentó *Moción Solicitando Remedio Postsentencia conforme Regla 51.6 de las de Procedimiento Civil,* mediante la cual informó que el señor Quiñones no había cumplido con la *Sentencia* antes expuesta.[4] Por ello, solicitó que, conforme a la Regla 51.6 de Procedimiento Civil, 32 LPRA Ap. V, se le ordenara al señor Quiñones Marrero, dueño del terreno donde ubicaba la propiedad ganancial, le permitiera habitar y utilizar la propiedad de forma exclusiva. Al respecto, argumentó que, de querer adquirir la estructura residencial, el señor Quiñones Marrero debía compensarla. Atendida la solicitud, el 26 de febrero de 2021, el TPI le ordenó al señor Quiñones Marrero –bajo apercibimiento de desacato– que le permitiera a la apelante utilizar de forma exclusiva la propiedad residencial ubicada en Toa Alta.[5]

---

[4] Íd., págs. 30-31.
[5] Íd., pág. 32.

El 27 de abril de 2021, el señor Quiñones Marrero y la señora Quiñones Mojica solicitaron, al amparo de la Regla 49.2 de Procedimiento Civil, *supra*, el relevo de la *Sentencia* emitida el 29 de septiembre de 2020 y de la *Orden* emitida el 26 de febrero de 2021.[6] En primer lugar, afirmaron que el terreno donde ubica la propiedad de dos plantas constaba inscrito a favor del matrimonio compuesto por el señor Quiñones Marrero y la Sra. Gladys Dolores Mojica. Alegaron que esta última falleció el 29 de agosto de 2007, dejándolos como herederos a ellos y al señor Quiñones. Por otro lado, arguyeron que la extinta Sociedad Legal de Gananciales compuesta por la apelante y el señor Quiñones no era edificante de buena fe. Específicamente, sostuvieron que la segunda planta de la propiedad en controversia se construyó con materiales comprados por los dueños del terreno y de la primera planta. Al respecto, aseveraron que la aportación realizada por la extinta Sociedad Legal de Gananciales compuesta por la apelante y el señor Quiñones fue mínima. Además, alegaron que la señora Quiñones Mojica, quien había residido en la primera planta de la propiedad hasta finales de 2007, le realizó mejoras a dicha estructura, incluyendo una ampliación. Finalmente, adujeron que la apelante y el señor Quiñones no fueron autorizados a unir físicamente las estructuras en controversia.

Finalmente, argumentaron que la *Sentencia* emitida el 29 de septiembre de 2020 era nula en todo lo relacionado a determinaciones sobre el carácter de las partes como edificantes de buena fe, debido a que los dueños de la propiedad no fueron incluidos en el pleito como partes indispensables. Por ello, solicitaron el relevo de la *Sentencia* o, en la alternativa, el relevo de la *Orden* emitida el 26 de febrero de 2021 ya que, al conceder la

---

[6] Íd., págs. 34-44.

posesión de un bien perteneciente a terceros, esta convirtió el remedio monetario concedido en la *Sentencia* a uno de carácter real, sin cumplir con el debido proceso de ley.

Atendida la solicitud de relevo de sentencia, el 15 de junio de 2021, el TPI ordenó la celebración de una vista evidenciaria en el que las partes debían comparecer y testificar bajo juramento. Posteriormente, el 19 de julio de 2021, la recurrida presentó *Moción en Cumplimiento de Orden,* en la que se opuso a la solicitud de relevo de sentencia. Celebrada la vista evidenciaria, el 27 de agosto de 2021, el TPI emitió una *Resolución y Orden* que se notificó el 30 de noviembre de 2021 en la cual resolvió que la *Sentencia* dictada el 29 de septiembre de 2020 era final, firme e inapelable, por lo que no procedía su relevo.[7] Además, determinó que, según la aludida *Sentencia,* la apelante y el señor Quiñones, tenían un derecho de retención hasta que se le indemnizara lo construido con dinero ganancial sobre terreno ajeno. En ese sentido, adujo que la señora Santiago tenía el derecho posesorio sobre el inmueble.

Por otra parte, el TPI dejó sin efecto la *Orden* del 26 de febrero de 2021, dirigida al señor Quiñones Marrero, a los fines de dirigirla al señor Quiñones. Así pues, le ordenó a este último que se asegurara de que, en el término de diez (10) días, se le entregaran las llaves de la propiedad a la señora Santiago para que ejerciera el derecho posesorio de la propiedad. Además, determinó que el señor Quiñones Marrero y a la señora Quiñones Mojica no podían impedir que la apelante ocupara la propiedad hasta que ejercieran su derecho de accesión y pagaran la indemnización correspondiente.

En desacuerdo, el 15 de diciembre de 2021, la señora Quiñones Mojica y el senor Quiñones Marrero presentaron *Moción Solicitando Reconsideración* [...][8]*,* la cual, el 25 de enero de 2022,

---

[7] Íd., págs. 49-50.
[8] Íd., págs. 51-63.

notificada el 28 de enero de 2022, fue declarada no ha lugar.[9] Aún inconforme, la señora Quiñones Mojica y el señor Quiñones Marrero presentaron un recurso de *certiorari* ante este Tribunal en el Caso Núm. KLCE202200229 impugnando la determinación del TPI de declarar No Ha Lugar su solicitud de relevo de sentencia al amparo de la Regla 49.2 de Procedimiento Civil, *supra*. Atendido el recurso, el 20 de abril de 2022, este panel emitió una *Sentencia* mediante la cual resolvimos que la *Sentencia* que se emitió el 29 de septiembre de 2020 era nula por falta de parte indispensable.[10] En consecuencia, determinamos que el TPI erró al denegar la solicitud de relevo de sentencia. Cabe precisar, que la *Sentencia* que emitimos advino final y firme ya que la señora Santiago no presentó recurso alguno ante el Tribunal Supremo.

Así las cosas, el 16 de diciembre de 2022, la señora Santiago presentó una *Demanda Enmendada* incluyendo al señor Quiñones Marrero y a la señora Quiñones Mojica como parte demandada.[11] Sin embargo, nunca solicitó que se expidieran emplazamientos para ser diligenciados al señor Quiñones Marrero y la señora Quiñones Mojica. Posteriormente, 16 de febrero de 2023, la señora Santiago presentó una *Moción Solicitando Anotación de Rebeldía* […] y solicitó que se anotara en rebeldía al señor Quiñones, a la señora Quiñones Mojica y al señor Quiñones Marrero ya que no contestaron la *Demanda Enmendada* en el término provisto en las Reglas de Procedimiento Civil.

Luego de que las partes presentaran varias mociones, el 1 de diciembre de 2023, el TPI celebró una vista y en esta declaró Ha Lugar la moción de anotación de rebeldía que presentó la señora Santiago.[12] Posteriormente, el 28 de diciembre de 2023, la apelante

---

[9] Íd., pág. 64.
[10] Íd., págs.65-79.
[11] Íd., págs. 82-84.
[12] Íd., págs. 88-89.

presentó una *Moción Solicitando que se Dicte Sentencia en Rebeldía* en la cual solicitó que se dictara Sentencia en rebeldía. En respuesta, mediante comparecencia especial y sin someterse a la jurisdicción del TPI, la señora Quiñones Mojica, por sí y como miembro de la sucesión del senor Quiñones Marrero, presentó su *Oposición a Moción Solicitando que se dicte Sentencia en Rebeldía y Solicitud de Desestimación bajo la Regla 10.2.*[13] En esencia, solicitó que dictara No Ha Lugar la solicitud para que se dictara Sentencia en rebeldía y que se desestimara la *Demanda Enmendada* en su contra ya que nunca fue traída al pleito conforme a derecho por la que el TPI no tenía jurisdicción sobre su persona. Específicamente argumentó que la señora Santiago no le solicitó permiso al Tribunal para llevar a cabo la enmienda a la Demanda según lo exige la Regla 13.1 de Procedimiento Civil, 32 LPRA Ap. V., R.13.1, y tampoco solicitó la expedición de emplazamientos para ser diligenciados a los demandados.

Evaluados los planteamientos de ambas partes, el 20 de febrero de 2024, el TPI emitió una *Sentencia* que se notificó el 21 de febrero de 2024.[14] En esta, resolvió que nunca adquirió jurisdicción sobre la persona del señor Quiñones Marrero y la señora Quiñones Mojica ya que nunca se le diligencio un emplazamiento conforme lo exige las Reglas de Procedimiento Civil. Así pues, declaró Ha Lugar la *Oposición a la Solicitud para que se dicte Sentencia en Rebeldía* [...] y, además, desestimó la *Demanda Enmendada,* sin perjuicio, en lo que respecta a la señora Quiñones Mojica y el señor Quiñones Marrero. Para fundamentar su decisión, en lo pertinente, expresó lo siguiente:

> En el caso de epígrafe, del expediente, no surge solicitud de emplazamiento, emplazamiento expedido, ni emplazamiento diligenciado sobre la persona de Santiago Quiñones Marrero y/o Carmen Nereida

---

[13] Íd., págs. 90-94.
[14] Íd., págs. 2-7.

Quiñones Mojica, quienes habían comparecido en el pleito solamente mediante comparecencia especial ante la notificación del Mandamiento y de la Orden del 17 de marzo de 2021 y 26 de febrero de 2021, respectivamente, y nunca se habían sometido a la jurisdicción de este Tribunal.

[...]

Según ya expresado anteriormente, la Demanda Enmendada donde se incluían a los señores Santiago Quiñones Marrero y Carmen Nereida Quiñones Mojica como demandados, fue presentado el 16 de diciembre de 2022, por lo cual la parte demandante contaba con 120 días desde la presentación de la Demanda Enmendada para emplazar a los señores Santiago Quiñones Marrero y Carmen Nereida Quiñones Mojica, término que venció el 17 de abril de 2023.

[...]

Inconforme con esta determinación, el 7 de marzo de 2024, la señora Santiago presentó una solicitud de reconsideración en la que, en síntesis, alegó que el senor Quiñones Marrero y la señora Quiñones Mojica se habían sometido voluntariamente a la jurisdicción del Tribunal mediante una comparecencia especial cuando presentaron la solicitud de relevo de sentencia el 27 de abril de 2021.[15] Así pues, razonó que, ante ello, no era necesario emplazarlos. El 12 de marzo de 2024, el TPI dictó una *Orden* que se notificó el 13 de marzo de 2024, mediante la cual declaró No Ha Lugar la solicitud de reconsideración.[16]

Aún en desacuerdo, el 12 de abril de 2024, la señora Santiago presentó el recurso de epígrafe y formuló el siguiente señalamiento de error:

**Erró el TPI al determinar que se tenían que expedir emplazamientos y diligenciar los mismos a los demandados Santiago Quiñones Marrero y Carmen Nereida Quiñones Mojica, habiendo ya éstos comparecido voluntariamente al pleito.**

Atendido el recurso, el 16 de abril de 2024, emitimos una *Resolución* mediante la cual le concedimos a la parte apelada hasta

---

[15] Íd., págs. 8-11.
[16] Íd., pág. 12.

el 29 de abril de 2024 para presentar su alegato en oposición. Oportunamente, la señora Quiñones Mojica por sí y como miembro de la Sucesión del señor Quiñones Marrero presentó una Alegato de la Parte Apelada y negó que el TPI cometiera el error que la señora Santiago le imputó. Con el beneficio de la comparecencia de ambas partes, procedemos a resolver el asunto ante nos. *Veamos.*

II.

La moción de desestimación al amparo de la Regla 10.2 de Procedimiento Civil, 32 LPRA Ap. V, R.10.2, es aquella que le permite a una parte solicitar la desestimación de una acción que ha sido presentada en su contra cuando es evidente de las alegaciones que alguna de las defensas afirmativas prosperará. *Conde Cruz v. Resto Rodríguez et al,* 205 DPR 1043, 1066 (2020). En particular, la referida regla establece varias defensas privilegiadas que pueden ser presentadas mediante moción debidamente fundamentada. Íd. Esa solicitud deberá basarse en uno de los siguientes fundamentos: (1) **falta de jurisdicción sobre la materia o persona**, (2) insuficiencia del emplazamiento o su diligenciamiento, (3) dejar de exponer una reclamación que justifique la concesión de un remedio, o (4) dejar de acumular una parte indispensable. (Énfasis suplido) Íd.

Dicho lo anterior, dentro del análisis jurisdiccional de una controversia, los tribunales deben evaluar si poseen el poder para sujetar a una parte a su decisión. *Trans-Oceanic Life Ins. v. Oracle Corp.,* 184 DPR 689, 701 (2012). Esto último es conocido jurídicamente como la jurisdicción sobre la persona. Íd. Un tribunal adquiere jurisdicción sobre la persona del demandado de dos maneras distintas, a saber, cuando se utilizan adecuadamente los mecanismos procesales de emplazamiento establecidos en las Reglas de Procedimiento Civil o cuando la parte demandada se somete voluntariamente a la jurisdicción del tribunal, explícita o

tácitamente. *Cirino González v. Adm. Corrección et al.*, 190 DPR 14, 29 (2014).

En lo que respecta al emplazamiento, este es el mecanismo procesal mediante el cual se le notifica al demandado sobre la existencia de una reclamación incoada en su contra, para así garantizarle su derecho a ser oído y defenderse. *Rivera Marrero v. Santiago Martínez*, 203 DPR 462, 480 (2019). Además, a través del emplazamiento los tribunales adquieren jurisdicción sobre la persona del demandado, "de forma tal que este quede obligado por el dictamen que finalmente se emita". Íd.

Particularmente, la Regla 4 de Procedimiento Civil, 32 LPRA Ap. V, R. 4, establece dos maneras de diligenciar el emplazamiento, a saber, de forma personal o mediante edicto. *Carribean Orthopedics Products of Puerto Rico, LLC v. Medshape, Inc.*, 207 DPR 994, 1005 (2021). El emplazamiento personal es el método idóneo para adquirir jurisdicción. Íd. No obstante, por excepción y en circunstancias específicas, la referida regla permite que se emplace por edicto cuando la persona a ser emplazada no puede ser ubicada pese a las diligencias realizadas a tales efectos. Íd.

De otro parte, en cuanto al término para emplazar, la Regla 4.3(c) de Procedimiento Civil, *supra,* establece lo siguiente:

> (c) El emplazamiento será diligenciado **en el término de ciento veinte (120) días a partir de la presentación de la demanda** o de la fecha de expedición del emplazamiento por edicto. El Secretario o Secretaria deberá expedir los emplazamientos el mismo día en que se presenta la demanda. Si el Secretario o Secretaria no los expide el mismo día, el tiempo que demore será el mismo tiempo adicional que los tribunales otorgarán para diligenciar los emplazamientos una vez la parte demandante haya presentado de forma oportuna una solicitud de prórroga. Transcurrido dicho término sin que se haya diligenciado el emplazamiento, el Tribunal deberá dictar sentencia decretando la desestimación y archivo sin perjuicio. Una subsiguiente desestimación y archivo por incumplimiento con el término aquí dispuesto tendrá el efecto de una adjudicación en los méritos. (Énfasis nuestro).

Al analizar la referida Regla, en *Bernier González v. Rodríguez Becerra*, 200 DPR 637, 648 (2018) el Tribunal Supremo resolvió que el término para diligenciar el emplazamiento era improrrogable.

Por último, es menester precisar que toda parte demandada tiene derecho a que su emplazamiento sea efectuado conforme a derecho. *Sánchez Rivera v. Malavé Rivera*, 192 DPR 854, 869 (2015). Las disposiciones de la Regla 4 de Procedimiento Civil, *supra*, "son de estricto cumplimiento, y no puede eximirse su observancia por responder al imperativo constitucional del debido proceso de ley". Id., pág. 874. A raíz de ello, "existe una política pública de que la parte demandada sea emplazada debidamente". Íd., pág. 869; J.A. Cuevas Segarra, *Tratado de Derecho Procesal Civil*, 2da. ed., San Juan, Pubs. JTS, 2011, T. I, pág. 298. Así pues, "**no es hasta que se diligencia el emplazamiento y se adquiere jurisdicción que la persona puede ser considerada propiamente parte; aunque haya sido nombrada en el epígrafe de la demanda, hasta ese momento sólo es parte nominal**". (Énfasis nuestro) *Torres Zayas v. Montano Gómez*, 199 DPR 458, 467 (2017).

Ahora bien, cuando una persona se somete a la jurisdicción del Tribunal voluntariamente, renuncia de la notificación formal de la acción en su contra mediante un emplazamiento. *Vázquez v. López*, 160 DPR 714, 721 (2003). Específicamente, la sumisión voluntaria sucede cuando la parte demandada comparece voluntariamente y realiza **algún acto sustancial que la constituya parte en el pleito.** (Énfasis suplido) *Sánchez Rivera v. Malavé Rivera*, 192 DPR 854, 873 (2015). Como, por ejemplo, **cumplir voluntariamente con las órdenes del Tribunal, y a solicitud de éste, presentar documentos pertinentes dirigidos a dilucidar la reclamación que incoe la parte demandante en su contra.** (Énfasis suplido) *Vázquez v. López*, supra, pág. 721. En síntesis, "la comparecencia voluntaria de la parte demandada suple la omisión

del emplazamiento y esto es suficiente para que el Tribunal adquiera jurisdicción sobre la persona bajo las garantías del debido proceso de ley." Íd.

Finalmente, cabe precisar que, según dispone la Regla 10.8 (a) de Procedimiento Civil, 32 LPRA Ap. V, R. 10.8 (a), la defensa sobre la falta de jurisdicción sobre la persona se entenderá renunciada en las siguientes instancias: (1) si no se incluye en una moción de acumulación de defensas bajo la Regla 10.7 de Procedimiento Civil, y (2) si no es formulada mediante una moción de desestimación ni se incluye en una alegación responsiva o mediante una enmienda que no requiera la autorización del tribunal conforme lo dispuesto por la Regla 13.1 de Procedimiento Civil.

III.

En su recurso, la señora Santiago solicitó la revocación de una *Sentencia* que el TPI emitió el 20 de febrero de 2024 y notificó el 21 de febrero de 2024. En lo pertinente, el TPI desestimó, sin perjuicio, la *Demanda Enmendada* que presentó la apelante en cuanto a la señora Quiñones Mojica y el señor Quiñones Marrero. Ello, ya que no adquirió jurisdicción sobre estos últimos por no haber sido emplazados dentro del término de ciento veinte (120) días que provee las Reglas de Procedimiento Civil para diligenciar el emplazamiento desde que se presenta la Demanda.

Ante ello, en su único señalamiento de error, la señora Santiago sostuvo que el TPI erró al determinar que se tenían que expedir emplazamientos y diligenciar los mismos al señor Quiñones Marrero y la señora Quiñones Mojica, habiendo ya éstos comparecido voluntariamente al pleito. Particularmente, la apelante argumentó que estos últimos se sometieron a la jurisdicción voluntariamente cuando el 27 de abril de 2021 presentaron una solicitud de relevo de sentencia y/o de la Orden que el TPI emitió el 26 de febrero de 2021. Además, resaltaron que, en dicho escrito,

estos últimos expresaron que estaban radicándolo mediante una comparecencia especial y que nunca expresaron que no se sometían voluntariamente a la jurisdicción del Tribunal. Asimismo, señaló que posteriormente, la parte apelada presentó un escrito de reconsideración ya que el TPI declaró No Ha Lugar a la solicitud de relevo de sentencia y que ello también constituyó una sumisión voluntaria. No le asiste la razón. *Veamos.*

Conforme al precitado derecho, para que el Tribunal adquiera jurisdicción sobre la persona mediante una sumisión voluntaria que supla la omisión del emplazamiento, la parte demandada debe comparecer voluntariamente y realizar algún acto sustancial. *Sánchez Rivera v. Malavé Rivera*, supra, pág. 873. El Tribunal Supremo ha establecido que se consideran actos sustanciales susceptibles de constituir una sumisión voluntaria los siguientes: (1) presentar algún documento pertinente dirigido a dilucidar o entrar en los méritos de la reclamación interpuesta; (2) cuando se contesta una demanda y se presentan defensas afirmativas sin alegar ausencia o deficiencia del emplazamiento; y, por último, (3) cumplir voluntariamente con las órdenes del Tribunal. *Vázquez v. López*, supra, pág. 721.

De un estudio detenido del expediente de autos y tomando en consideración lo antes expuesto, no podemos colegir que en el presente caso la señora Quiñones Mojica y el señor Quiñones Marrero se hayan sometido voluntariamente a la jurisdicción del Tribunal. Si bien es cierto que estos presentaron una solicitud de relevo de sentencia mediante una comparecencia especial, ello fue en defensa de sus derechos sobre la propiedad inmueble objeto de la controversia ya que la sentencia emitida el 29 de septiembre de 2020 afectaba estos derechos y no se le habían incluido como parte del pleito.

Lo antes expuesto no es suficiente para determinar que hubo una sumisión voluntaria por parte del señor Quiñones Marrero y la señora Quiñones Mojica ya que ello no constituyó un acto sustancial conforme lo dispone nuestro ordenamiento jurídico. Es decir, en la solicitud de relevo de sentencia no se entró en los méritos de la controversia. El señor Quiñones Marrero y la señora Quiñones Mojica únicamente se limitaron a expresar que en la *Sentencia* del 29 de septiembre del 2020 el TPI había realizado unas determinaciones de hechos que afectaban sus derechos sobre la propiedad y que estos no habían sido incluidos como parte en el pleito y, por ende, la sentencia era nula. Además, dicho escrito no constituyó una contestación a la demanda mediante la cual se presentaron defensas administrativas y tampoco comparecieron posteriormente cumpliendo con órdenes del Tribunal.

Resuelto lo anterior, cabe precisar que, la parte apelada acudió ante nos mediante un recurso de *certiorari* en el Caso Núm. KLCE202200229 impugnando la determinación del TPI de declarar No Ha Lugar su solicitud de relevo de sentencia. Evaluado el recurso, dictamos una *Sentencia* el 20 de abril de 2022 mediante la cual determinamos que la *Sentencia* que se dictó el 29 de septiembre de 2020 era nula por falta de parte indispensable. Recordemos que dicha *Sentencia* advino final y firme ya que la apelante no presentó un recurso ante el Tribunal Supremo. Luego de que se emitió este dictamen, el 16 de diciembre de 2022, la señora Santiago presentó una *Demanda Enmendada* e incluyó en el epígrafe como parte demandada al señor Quiñones Marrero y a la señora Quiñones Mojica.

Habiendo establecido anteriormente que el señor Quiñones Marrero y la señora Quiñones Mojica no se sometieron voluntariamente a la jurisdicción del Tribunal, la señora Santiago tenía ciento veinte (120) días desde que presentó la *Demanda*

*Enmendada* para diligenciar emplazamientos dirigidos a la señora Quiñones Mojica y al señor Quiñones Marrero, sin embargo, no lo hizo. Cabe precisar que dicho término vencía el 17 de abril de 2023. Recordemos que "no es hasta que se diligencia el emplazamiento y se adquiere jurisdicción que la persona puede ser considerada propiamente parte; aunque haya sido nombrada en el epígrafe de la demanda, hasta ese momento sólo es parte nominal". *Torres Zayas v. Montano Gómez,* supra, pág. 467. Dicho lo anterior, concurrimos con la determinación del TPI de desestimar la *Demanda Enmendada,* sin perjuicio, en cuanto a la señora Quiñones Mojica y el señor Quiñones Marrero. Consecuentemente, el señalamiento de error no se cometió.

IV.

Por los fundamentos antes expuestos, ***confirmamos*** el dictamen recurrido.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda.  Lilia M. Oquendo Solís<br>Secretaria del Tribunal de Apelaciones