} Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
Panel VIII

| AMERVIM BONANO SANTIAGO<br>Recurrida<br><br>v.<br><br>SHEKIRA ALICEA ALVARADO<br>Recurrida<br><br><br>BONN LLC<br>Peticionario | KLCE202400977 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala de Bayamón<br><br>Caso Núm.<br>D DI2023-0003<br><br>Sobre:<br>Divorcio |
|---|---|---|

Panel integrado por su presidente, el Juez Rivera Colón, el Juez Adames Soto y la Jueza Santiago Calderón

Adames Soto, Juez Ponente

## **RESOLUCION**

En San Juan, Puerto Rico, a 21 de octubre de 2024.

Comparece BONN, LLC (peticionaria), mediante recurso de *certiorari,* sin someterse a la jurisdicción del Tribunal, solicitando que revoquemos la *Orden* emitida por el Tribunal de Primera Instancia, Sala Superior de Bayamón, (TPI o foro recurrido), el 6 de agosto de 2024. Mediante dicho dictamen interlocutorio, el foro recurrido declaró *Ha Lugar* una *Réplica a Oposición a Moción Urgente en Solicitud de Parte Indispensable.*

Evaluados los asuntos presentados, determinamos desestimar por falta de jurisdicción sobre la persona del peticionario.

**I. Resumen del tracto procesal**

La Sra. Shekira Alicea Alvarado (señora Alicea Alvarado o recurrida) y el Sr. Amervin Bonano Santiago (señor Bonano Santiago), procrearon dos hijos durante su matrimonio. Luego de ser disuelto el vínculo matrimonial entre estos, se le otorgó a la señora Alicea Alvarado la custodia de los menores, quienes recibirían una pensión alimentaria del señor Bonano Santiago.

Posteriormente, el 8 de febrero de 2024, el señor Bonano Santiago presentó una *Moción Solicitando Rebaja de Pensión Alimentaria,* citando como fundamento una merma sustancial en ingresos. La señora Alicea Alvarado también compareció ante el Tribunal, para oponerse a la solicitud de rebaja de pensión alimentaria.

Superados varios trámites procesales, y efectuado el descubrimiento de prueba, el 10 de julio de 2024, la recurrida presentó una *Moción Urgente en Solicitud de Parte Indispensable.* Solicitó en este escrito la acumulación de la compañía de responsabilidad limitada BONN, LLC, como parte indispensable en el pleito, esgrimiendo que esta es la fuente principal de ingresos del señor Bonano Santiago, quien funge como su único accionista. Planteó la señora Alicea Alvarado que procedía el levantamiento del velo corporativo en este caso, pues la referida compañía fue creada como un subterfugio para afectar la cantidad a fijarse en concepto de pensión alimentaria, lo que constituía un uso indebido de la ficción jurídica de la compañía, al tratar de evadir una obligación estatutaria. Sobre lo mismo la recurrida abundó, que el estilo de vida del señor Bonano Santiago no resultaba cónsono con los ingresos declarados en el caso de alimentos, por lo que resultaba aparente que ocultaba capital bajo la referida compañía. Señaló, a su vez, que BONN, LLC emitió pagos de pensión alimentaria hasta marzo de 2024, y comparte la dirección postal con el señor Bonano Santiago. Culminó su escrito **solicitando que fueran expedidos los emplazamientos correspondientes para traer a BONN, LLC como parte en el pleito**, y que se citase a las partes a una vista evidenciaria para dilucidar estos asuntos.

En respuesta, el 17 de julio de 2024, el señor Bonano Santiago presentó su *Oposición a: Moción Urgente en Solicitud de Parte Indispensable.* Arguyó que, contrario a lo alegado por la recurrida, BONN, LLC no fue creada como subterfugio para evadir su responsabilidad alimentaria, habiendo sido creada con anterioridad a este pleito. Señaló,

además, que para que el Tribunal asumiera jurisdicción sobre la compañía, esta tendría primero que ser emplazada y poseer representación legal independiente. Añadió que descorrer el velo corporativo es un remedio extremo, por lo que el peso de la prueba para rebatir la presunción de responsabilidad limitada no se descarga con la mera alegación de que la empresa es un *alter ego*. Sobre esto abundó, que se tendría que identificar en las alegaciones aquellos actos o conductas de los accionistas que denoten fraude, y cuando se trate de un único accionista que sea una persona natural, el tribunal debía ser aún más cauteloso en el escrutinio de la prueba para descorrer el velo corporativo.

A raíz de ello, el 30 de julio de 2024, la recurrida presentó una *Réplica a Oposición a: Moción Urgente en Solicitud de Parte Indispensable*. Sostuvo allí que el señor Bonano Santiago se oponía a que se incluyera como parte indispensable a BONN, LLC, bajo el fundamento de que la entidad jurídica debía ser emplazada, **pero esa era precisamente lo que se estaba solicitando en la *Moción Urgente en Solicitud de Parte Indispensable***. (Énfasis y subrayado provistos). La señora Alicea Alvarado además refutó el argumento del señor Bonano Santiago sobre la insuficiencia de prueba para descorrer el velo corporativo, pues en las alegaciones se adujeron hechos suficientes de cómo se habían fusionado los intereses de BONN, LLC y del señor Bonano Santiago, y sobre la utilización de dicha corporación como instrumento de fraude.

El 29 de julio de 2024, el señor Bonano Santiago presentó su *Dúplica a Réplica a Oposición a: Moción Urgente en Solicitud de Parte Indispensable*. En esta, imputó que el intento de traer a BONN, LLC como tercero tenía como fin dilatar la dilucidación de la solicitud para reducir la pensión alimentaria. Adujo que, desde el 29 de mayo de 2024, hasta la vista final de alimentos el 2 de julio de 2024, la recurrida no llevó a cabo descubrimiento de prueba adicional. Añadió que el descubrimiento de

prueba culminó el 9 de mayo de 2024, por lo que la moción solicitando la incorporación de BONN, LLC al pleito resultaba tardía.

Nótese que, a este momento procesal, BONN, LLC no había comparecido de forma alguna, en ninguna de las mociones descritas.

Es así como, en atención a las mociones presentadas por la señora Alicea Alvarado y el señor Bonano Santiago que estaban pendientes, el 6 de agosto de 2024, el foro recurrido emitió una *Orden,* determinando entre otros asuntos[1], *Ha Lugar* la *Réplica a Oposición a: Moción Urgente en Solicitud de Parte Indispensable,* y *No Ha Lugar* a la *Oposición a: Moción Urgente en Solicitud de Parte Indispensable.*

Inconforme, Bonn, LLC recurre ante nosotros, **sin someterse a la jurisdicción del Tribunal**, mediante recurso de *certiorari*, señalando la comisión de los siguientes errores:

> PRIMERO: ERRÓ EL TRIBUNAL SUPERIOR AL INCLUIR COMO PARTE INDISPENSBLE A UN TERCERO QUE NO HA SIDO EMPLAZADO Y POR TANTO NO SE TIENE JURISDICCIÓN SOBRE EL MISMO, POR LO QUE CUALQUIER SENTENCIA, RESOLUCIÓN Y ORDEN ES NULA.
>
> SEGUNDO: ERRÓ EL TRIBUNAL SUPERIOR AL INCLUIR A BONN, LLC COMO PARTE INDISPENSABLE SIN PRIMERO CELEBRAR VISTA EVIDENCIARIA A LOS EFECTOS DE DETERMINAR SI PROCEDE DECORRER EL VELO CORPORATIVO.

En atención a ello, la recurrida compareció ante nosotros, mediante *Oposición a Recurso de Certiorari.* Junto a su escrito la recurrida anejó copia de una *Moción Solicitando Permiso para Demanda contra Tercero,* junto a la *Demanda* que a tales efectos presentó ante el TPI, dirigida contra BONN, LLC, **además de los correspondientes proyectos de emplazamiento dirigidos a esta corporación**, presentados el 30 de septiembre de 2024.

Por su parte, el señor Bonano Santiago también compareció ante nosotros, mediante escrito intitulado *Réplica a Recurso de Certiorari en*

---

[1] En la referida *Orden* el tribunal *a quo* incluyó varias determinaciones interlocutorias, aunque aquí hemos hecho referencia solo a las pertinentes. Anejo I del recurso de *certiorari*, págs. 3-4.

*Solicitud Revisión Judicial.* Manifestó estar en total acuerdo con las alegaciones y fundamentos presentados en el recurso de *certiorari* instado por Bonn LLC.

Luego de que revisáramos el recurso de *certiorari* presentado, juzgamos que no se encontraba debidamente perfeccionado, por lo que le concedimos un término de tres días a Bonn, LLC para que proveyera los documentos que pretirió en su apéndice incompleto. Habiendo cumplido el peticionario con suplir los documentos que le requerimos, y contando con el beneficio de las comparecencias de las partes, estamos en posición de resolver.

## II. Exposición del Derecho

El emplazamiento es el mecanismo procesal mediante el cual se le notifica al demandado de la existencia de una reclamación instada en su contra y se le requiere que comparezca para que formule alegación responsiva. Es mediante el debido diligenciamiento del emplazamiento que el tribunal adquiere jurisdicción sobre la persona para resolver un asunto. *Cancel Rivera v. González Ruiz*, 200 DPR 319, 330 (2018); *Torres Zayas v. Montano Gómez*, 199 DPR 458, 467 (2017); *Global v. Salaam*, 164 DPR 474, 480 (2005). En consonancia, no es hasta que se diligencie el emplazamiento que se adquiere jurisdicción, y la persona puede ser considerada propiamente parte. R. Hernández Colón, *Práctica Jurídica de Puerto Rico: Derecho Procesal Civil*, 5ta ed., Lexis Nexis, 2010, pág. 220; *Torres Zayas v. Montano Gómez,* supra*; Sánchez Rivera v. Malavé Rivera*, 192 DPR 854 (2015).

La Regla 83 de nuestro Reglamento, establece las circunstancias en que este foro intermedio puede desestimar un recurso presentado. 4 LPRA Ap. XXII-B, R. 83. En lo que resulta pertinente al caso ante nuestra consideración, establece:

> (B) Una parte podrá solicitar en cualquier momento la desestimación de un recurso por los motivos siguientes:

(1) que el **Tribunal de Apelaciones carece de jurisdicción**;

[...]

(C) El Tribunal de Apelaciones, **a iniciativa propia**, podrá desestimar un recurso de apelación o denegar un auto discrecional por cualquiera de los motivos consignados en el inciso (B) precedente. 4 LPRA Ap. XXII-B, R. 83. (Énfasis nuestro y texto omitido del original.)

**III. Aplicación del Derecho a los Hechos**

a.

BONN, LLC, sostiene que incidió el TPI al incluirle como parte indispensable en el pleito, sin antes adquirir jurisdicción sobre su persona, pues no ha sido emplazado. A tales efectos, aduce que se lesionó su debido proceso de ley, resultando la *Orden* recurrida nula *ab initio* por imperativo constitucional. Arguye que lo procedente hubiese sido que se le emplazara primero, para luego entonces celebrar una vista evidenciaria donde se desfilara prueba en la que se determinara si se cumplieron los requisitos para descorrer el velo corporativo.

A ello, la recurrida opone **que ya presentó una demanda contra tercero ante el TPI, dirigida contra BONN, LLC, junto a la autorización para proceder a emplazarla**, cuyas copias incluyó en su escrito ante nosotros. Señaló que en las mociones que presentó ante el foro primario, y dieron lugar a la *Orden* recurrida, siempre solicitó, precisamente, autorización para incluir a la peticionaria como parte indispensable, a través de su emplazamiento. Además, esta parte nos llama la atención al hecho de que el TPI se encuentra en la etapa de analizar si Bonn LLC actúa como un *alter ego* del señor Bonano Santiago, es decir, que el foro primario todavía no ha adjudicado si procede descorrer el velo corporativo.

En su escrito en oposición a *certiorari* la recurrida elabora que la inclusión de Bonn, LLC como parte indispensable en este pleito resulta esencial, pues fueron esgrimidas alegaciones suficientes para demostrar que es una entidad enteramente controlada por el señor Bonano Santiago,

utilizada por éste como vehículo económico para ocultar los verdaderos ingresos que tiene. Es decir, la recurrida sostiene que Bonn LLC no está operando como una corporación verdaderamente independiente, sino como el *alter ego* del señor Bonano Santiago, con el fin de afectar la determinación sobre la verdadera pensión alimentaria a imponerse, y por ello resulta necesario traerla al pleito como parte. Subraya que lo alegado resulta evidente, entre otras razones, por el hecho de que Bonn LLC ya había emitido pagos relacionados a la pensión alimentaria, difuminando así la línea que divide la personalidad jurídica de la corporación *vis a vis* la del señor Bonano Santiago.

b.

Iniciamos por señalar que, visto el tracto procesal seguido hasta el momento, y la documentación ante nuestra atención, en efecto, no surge que BONN, LLC haya sido emplazada, ni que se hubiera sometido voluntariamente a la jurisdicción del Tribunal. Por tanto, la realidad jurídica es que BONN, LLC no es parte en este caso, y el Tribunal carece de jurisdicción sobre dicha corporación.

Con todo, valga acotar que, contrario a lo que sugiere BONN, LLC en su recurso de *certiorari*, en la *Orden* recurrida el TPI **no** determinó hacerle parte en el pleito, como tampoco adjudicó la alegación sobre descorrer el velo corporativo, en ausencia de la debida presentación de una demanda en su contra y el correspondiente emplazamiento, sino que autorizó a la recurrida a continuar los pasos necesarios para lograr ese propósito, (traerla como parte en el pleito).

Sobre lo anterior, al verificar la *Moción Urgente en Solicitud de Parte Indispensable* presentada por la señora Alicea Alvarado, que dio lugar a la *Orden* recurrida, nos resulta evidente que esta lo que hizo fue anticipar sus argumentos referentes a la necesidad de descorrer el velo corporativo, pero **como fundamento para que se le autorizara incluir a BONN, LLC en el pleito como parte indispensable**. Como cuestión de hecho, en la

referida *Moción* **la recurrida solicitó específicamente como remedio que se expidiera el emplazamiento correspondiente para traer a BONN, LLC como parte en el pleito**. A esto fue lo que accedió el foro primario en la *Orden* recurrida. En este sentido, nos parece evidente que la recurrida no ha pretendido *hacer parte a BONN, LLC*, saltándose las salvaguardas constitucionales del debido proceso de ley reconocidas a la persona jurídica, lo que incluye su debido emplazamiento.

En definitiva, la ausencia de emplazamiento a BONN, LLC, y de su consentimiento para someterse voluntariamente a la jurisdicción del Tribunal, priva a este foro intermedio de jurisdicción para actuar en el caso.

Finalmente, cabe advertir que lo antes indicado en nada obsta en contra del curso decisorio elegido por el foro recurrido hasta el momento. Esto, pues a lo único que ha accedido el tribunal *a quo* es a la petición de la recurrida para que se le permita traer como parte a BONN, LLC, lo que necesariamente requiere la presentación de la debida demanda en su contra y el emplazamiento correspondiente. Hasta que ello no ocurra, repetimos, el Tribunal carece de jurisdicción sobre la persona jurídica de BONN, LLC, salvo que esta acceda a someterse voluntariamente a la jurisdicción.

En ausencia de jurisdicción sobre la BONN, LLC, solo nos resta desestimar el recurso de *certiorari* presentado.

**IV. Parte Dispositiva**

Por los fundamentos que anteceden, desestimamos el recurso de *certiorari* presentado por BONN, LLC, por falta de jurisdicción.

Lo pronunció y manda el Tribunal y lo certifica su Secretaria.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones