Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL VII

| MCKENZIE CAPITAL, LLC<br><br>Apelante<br><br>v.<br><br>N&N ENTERPRISES, INC.<br>*d/b/a* BURGER TOWN<br><br>Apelada | KLAN202401115 | Apelación procedente del Tribunal de Primera Instancia, Sala Superior de Caguas<br><br>Sobre:<br>Exequátur<br><br>Caso Núm.<br>CG2024CV01556 |
| --- | --- | --- |

Panel integrado por su presidenta, la Juez Domínguez Irizarry, el Juez Ronda del Toro y el Juez Pérez Ocasio

Domínguez Irizarry, Juez Ponente

## SENTENCIA

En San Juan, Puerto Rico, a 17 de enero de 2025.

La parte apelante, McKenzie Capital, LLC, comparece ante nos para que revoquemos *Sentencia* emitida y notificada por el Tribunal de Primera Instancia, Sala de Caguas, el 13 de noviembre de 2024. Mediante la misma, el foro primario desestimó una acción civil sobre *exequatur* promovida por la parte apelante en contra de la entidad aquí apelada, N&N Enterprises Inc., d/b/a Burger Town.

Por los fundamentos que expondremos a continuación, se revoca la *Sentencia* apelada.

**I**

El 3 de mayo de 2024, la parte peticionaria presentó la causa de epígrafe para validar una sentencia emitida a su favor en el Estado de Florida. En la consecución de los trámites propios al curso de la acción, el 9 de mayo de 2024, se expidió el emplazamiento pertinente. Así las cosas, el 23 de agosto de 2024, previo a la expiración del plazo legal de ciento veinte (120) días para procurar el diligenciamiento del mismo, la parte apelante compareció ante el Tribunal de Primera Instancia mediante *Moción Solicitando Autorización para Emplazar por Edicto.* En el pliego, indicó que sus

Número Identificador

SEN2025 _____

gestiones para lograr el emplazamiento personal de la parte apelada le resultaron infructuosas, por lo que requirió que se le autorizara la publicación de un edicto para cumplir con el requisito de la notificación de su demanda. Conforme surge del expediente de autos, la parte apelante acompañó su solicitud con dos (2) declaraciones juradas suscritas por los emplazadores Frank Vega Pérez y Joel Alicea De Jesús, respectivamente suscritas los días 20 y 22 de agosto de 2024. En las mismas, los suscribientes expusieron en detalle las múltiples gestiones que efectuaron para emplazar personalmente a la parte apelada, ello por conducto de los representantes autorizados, así como el resultado negativo en cuanto a completar su encomienda.

Toda vez que el Tribunal de Primera Instancia no se expresó en torno al referido petitorio, el 5 de septiembre de 2024, la parte apelante presentó una *Urgente Moción para Reiterar Solicitud de Expedición de Emplazamiento por Edicto a la Parte Demandada.* En esta ocasión, nuevamente insistió en su petición de que se le autorizara emplazar mediante edicto a la parte apelada, por razón de la imposibilidad de lograr el diligenciamiento personal del emplazamiento. La entidad compareciente destacó que, habiéndose expedido, el emplazamiento de la parte apelada, el 9 de mayo de 2024, el término de ciento veinte (120) días para emplazar habría de vencer el 6 de septiembre de 2024. Así, solicitó que se proveyera según su súplica.

Mediante *Resolución* del 12 de septiembre de 2024, el Tribunal de Primera Instancia declaró *No Ha Lugar* la solicitud promovida por la parte apelante. En desacuerdo, el 17 de septiembre de 2024, esta solicitó la reconsideración de lo resuelto mediante moción a los efectos. En específico, afirmó haber cumplido con todos los criterios establecidos en la Regla 4.6 de Procedimiento Civil, 32 LPRA Ap. V, R. 4.6, para que le fuera autorizado el emplazamiento por edicto.

Particularmente, expresó que su petición se acompañó con dos (2) declaraciones juradas suscritas por dos (2) emplazadores, quienes detallaron los pormenores y resultados de todas las gestiones que efectuaron para lograr el emplazamiento personal de la parte apelada. A fin de sustentar su contención, la parte apelante hizo referencia a las mismas y, a tenor con ello, solicitó al tribunal primario que reconsiderara su previa determinación concediéndole, así, el remedio solicitado. El Tribunal de Primera Instancia denegó la reconsideración de referencia.

En vista de la aludida denegatoria, y dado a que transcurrieron ciento noventa y tres (193) días desde la presentación de la demanda, sin que la parte apelada fuera emplazada, la parte apelante presentó una *Moción para Solicitar Remedio.* En virtud de la misma, peticionó la desestimación de su causa de acción al amparo de lo dispuesto en la Regla 4.3 (e) de Procedimiento Civil, 32 LPRA Ap. V, R. 4.3(e).

El 13 de noviembre de 2024, el Tribunal de Primera Instancia notificó la *Sentencia* aquí apelada. Mediante la misma, resolvió que, dado a que no se acreditaron las diligencias para emplazar a la parte apelada, y toda vez la expiración del plazo legal de ciento veinte (120) días para cumplir con dicha gestión, procedía ordenarse el archivo sin perjuicio de la causa de acción de epígrafe.

Inconforme, el 12 de diciembre de 2024, la parte apelante compareció ante nos mediante el presente recurso de apelación. En el mismo formula el siguiente señalamiento:

> Erró el Honorable Tribunal de Primera Instancia al denegar la expedición de un emplazamiento por edicto en el presente caso, sin indicar razón alguna para ello, toda vez que se cumplieron con los requisitos de la Regla 4.6 de las de Procedimiento Civil y la jurisprudencia aplicable establecen para su expedición.

Luego de examinar el expediente de autos, procedemos a expresarnos.

**II**

Como principio rector, el debido proceso de ley exige que toda persona, natural o jurídica, sobre quien pesa un proceso judicial, conozca de la existencia del mismo para que comparezca al tribunal y presente adecuadamente su defensa. De conformidad con este deber, el emplazamiento debe constituir una notificación razonable y adecuada sobre la pendencia de determinada reclamación, de manera que le brinde al individuo la oportunidad de ser oído antes de que sus derechos queden adjudicados. *Bernier González v. Rodríguez Becerra*, 200 DPR 637, 644 (2018); *Bonilla Ramos v. Dávila Medina*, 185 DPR 667, 682 (2012); *Banco Popular v. S.L.G. Negrón*, 164 DPR 855, 863 (2005). El emplazamiento es el mecanismo procesal mediante el cual los tribunales de justicia adquieren jurisdicción sobre la persona del demandado para que éste quede sujeto a su eventual pronunciamiento. *Ross Valedón v. Hosp. Dr. Susoni et al*, 2024 TSPR 10, 213 DPR ___ (2024); *Rivera Torres v. Díaz López*, 207 DPR 636, 646-647 (2021); *Torres Zayas v. Montano Gómez et als.*, 199 DPR 458 (2017); *Sánchez Rivera v. Malavé Rivera*, 192 DPR 854, 869 (2015); *Sánchez Rodríguez v. Adm. de Corrección*, 177 DPR 714, 720 (2009); *Rivera v. Jaume*, 157 DPR 562, 575 (2002). De ahí que se le reconoce como el paso inaugural del debido proceso de ley, que viabiliza el ejercicio de la autoridad judicial y cuya adulteración constituye una violación al trato justo. *Lucero v. San Juan Star*, 159 DPR 494, 507 (2003). Siendo esto así y por estar revestido de una de las mayores garantías constitucionales, nuestro sistema de derecho exige que, tanto su forma, como su diligenciamiento, cumplan estrictamente con los requisitos legales provistos. De este modo, si se prescinde de los mismos, la sentencia que en su día recaiga carecerá de validez. *Banco Popular v. S.L.G. Negrón*, supra; *Quiñones Román v. Cía ABC*, 152 DPR 367, 374 (2000).

La Regla 4.3(c) de las de Procedimiento Civil, 32 LPRA Ap. V, R. 4.3(c), establece un término improrrogable de ciento veinte (120) días para diligenciar el emplazamiento, a partir del momento en que se presenta la demanda o de la fecha de expedición del emplazamiento por edicto. *Ross Valedón v. Hosp. Dr. Susoni et al,* supra; *Bernier González v. Rodríguez Becerra,* 200 DPR 637, 649 (2018). Ahora bien, si el Secretario no expide los emplazamientos el mismo día en que se presenta la demanda, el tiempo que demore será el mismo término adicional que los tribunales otorgarán para diligenciar los emplazamientos, una vez la parte demandante oportunamente haya presentado una solicitud de prórroga.

De transcurrir el término de los ciento veinte (120) días, el tribunal deberá dictar sentencia decretando la desestimación y archivo sin perjuicio. Regla 4.3 (c) de Procedimiento Civil, *supra.* Así, nuestro más Alto Foro ha despejado dudas al manifestar que, "[e]ste término es improrrogable, [por lo que], si en 120 días el demandante no ha podido diligenciar el emplazamiento, automáticamente se desestimará su causa de acción". *Bernier González v. Rodríguez Becerra,* supra, pág. 649. Ello resulta a manera de sanción por no haberse desplegado una diligencia razonable en adquirir jurisdicción sobre la persona del demandado en el pleito, eventualidad que incide en el principio rector de resolver las controversias de forma justa, rápida y económica de nuestro ordenamiento procesal civil. 32 LPRA Ap. V, R.1. A su vez, implica que, como consecuencia, el tribunal no adquiere jurisdicción sobre la persona. *Bernier González v. Rodríguez Becerra,* supra.

Por su parte, y atinente a la controversia de autos, como norma, el diligenciamiento personal de un emplazamiento constituye el mecanismo más idóneo para adquirir jurisdicción sobre un demandado. *Banco Popular v. S.L.G. Negrón,* supra. No obstante, por vía de excepción, el ordenamiento procesal vigente

autoriza el emplazamiento por edicto, ello de concurrir ciertas circunstancias expresamente definidas por ley. *Sánchez Ruiz v. Higuera Pérez et al.,* 203 DPR 982, 987-988 (2020). Al respecto, la Regla 4.6 de Procedimiento Civil, dispone como sigue:

> (a) Cuando la persona a ser emplazada esté fuera de Puerto Rico, o que estando en Puerto Rico, no pudo ser localizada después de realizadas las diligencias pertinentes, o se oculte para no ser emplazada, o si es una corporación extranjera sin agente residente, y así se compruebe a satisfacción del tribunal mediante declaración jurada que exprese dichas diligencias, y aparezca también de dicha declaración, o de la demanda presentada, que existe una reclamación que justifica la concesión de algún remedio contra la persona que ha de ser emplazada, o que dicha persona es parte apropiada en el pleito, el tribunal podrá dictar una orden para disponer que el emplazamiento se haga por un edicto. No se requerirá un diligenciamiento negativo como condición para dictar la orden que disponga que el emplazamiento se haga por edicto.
> [...].

32 LPRA Ap. V, R. 4.6.

De conformidad con lo anterior, para que proceda la autorización de un emplazamiento por edicto, se exige al demandante acreditar ante el foro concernido, mediante declaración jurada a los efectos, de manera específica y detallada, las diligencias que efectuó para localizar y, por ende, emplazar personalmente a la parte demandada. *Sánchez Ruiz v. Higuera Pérez et al.,* supra, pág. 988. A tal fin, meras generalidades no constituyen argumentos suficientes. *Íd.* Debe expresarse, por ejemplo, las personas con quienes investigó y la dirección de estas, así como inquirir de las autoridades de la comunidad, la policía, el alcalde, el administrador de correos, que son las personas que pueden conocer la residencia o el paradero de las personas que viven en una comunidad. J. Cuevas Segarra, *Tratado de Derecho Procesal Civil,* 2da ed., San Juan, Pubs. JTS, 2011, T. I, pág. 356. Por tanto, compete al juzgador examinar si las gestiones expuestas ante su consideración fueron razonables, de modo tal que concluya que, autorizar el

emplazamiento por edicto, resulta ser el mecanismo más viable para adquirir jurisdicción sobre la persona del promovido en el pleito. *Sánchez Ruiz v. Higuera Pérez et al.,* supra, págs. 988-989.

Ahora bien, precisa destacar que, conforme expresáramos previamente, cumplidos los requisitos antes esbozados, el estado de derecho establece que el término de ciento veinte (120) días para emplazar por edicto, comienza a transcurrir desde que el tribunal lo expide. *Sánchez Ruiz v. Higuera Pérez et al.,* supra, 994. "La parte demandante tiene que solicitar su expedición antes de que finalice el término para diligenciar el emplazamiento personal. Así pues, una vez se intenta sin éxito emplazar personalmente a un demandado, y tras acreditar las diligencias realizadas para citarlo personalmente se solicita emplazarlo por edictos dentro del plazo de ciento veinte días, comienza a decursar un nuevo término improrrogable de ciento veinte (120) días para emplazar por edictos, una vez se expida el correspondiente emplazamiento". *Sánchez Ruiz v. Higuera Pérez et al.,* supra.

### III

En la presente causa, la parte apelante plantea que el Tribunal de Primera Instancia erró al denegar su solicitud para emplazar por edicto a la parte apelada, ello a pesar de haberse observado los requisitos procesales pertinentes. Habiendo examinado el referido señalamiento a la luz del derecho aplicable a los hechos establecidos, revocamos la *Sentencia* apelada.

Un examen del expediente que nos ocupa mueve nuestro criterio a diferir con el quehacer adjudicativo empleado por el foro apelado al disponer de la solicitud en controversia. Es nuestra firme postura que, en efecto, la parte apelante cumplió con los criterios procesales y jurisprudenciales requeridos para que medie la autorización de un emplazamiento por edicto. Al examinar el petitorio en disputa, surge que el mismo se acompañó con dos (2)

declaraciones juradas, respectivamente suscritas por (2) emplazadores, quienes, de manera clara y detallada, hicieron constar, y dieron fe, de las múltiples gestiones que llevaron a cabo para diligenciar el emplazamiento personal de la entidad apelada. Tal cual afirma la parte apelante, las referidas declaraciones juradas son precisas en fechas, direcciones, nombres de personas, búsquedas, lugares visitados, referencias, entre otros datos que claramente evidencian el despliegue de un quehacer suficiente y razonable para emplazar personalmente a la parte apelada.

Tal cual esbozado, la Regla 4.6 de Procedimiento Civil, *supra*, permite que, de presentarse la solicitud correspondiente dentro del plazo de ciento veinte (120) días para diligenciar un emplazamiento, se autorice el emplazamiento por edicto de una parte que no pudo ser localizada personalmente, pese a los múltiples intentos tendentes a tal fin. De conformidad con la referida disposición, lo anterior únicamente es procedente si se comprueba, a satisfacción del tribunal competente, y mediante la presentación de una declaración jurada, que se llevaron a cabo diligencias suficientes que resultaron infructuosas. En el caso de autos, la parte apelante oportunamente presentó su solicitud para emplazar por edicto a la entidad apelada, y la acompañó con dos (2) declaraciones juradas cuyo contenido está revestido de la carga probatoria exigida. Siendo así, el Tribunal de Primera Instancia incurrió en error al no autorizar el emplazamiento por edicto de la parte apelada.

## IV

Por los fundamentos que anteceden, se revoca la *Sentencia* apelada.

Lo acordó y manda el Tribunal, y certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones