Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| | | |
|---|---|---|
| E.M.I. EQUITY MORTGAGE, INC., como AGENTE DE SERVICIO DE FORTALEZA EQUITY PARTNERS I, LLC<br><br>Apelante<br><br>v.<br><br>ROLANDO PÉREZ LÓPEZ; MANUEL ENRIQUE PÉREZ FRANQUI y LA SUCESIÓN DE ELSA LÓPEZ CABÁN, COMPUESTA POR: ROLANDO PÉREZ LÓPEZ, HÉCTOR PÉREZ LÓPEZ Y MANUEL ENRIQUE PÉREZ FRANQUI; JOHN DOE Y RICHARD DOE, COMO POSIBLES HEREDEROS DESCONOCIDOS<br><br>Apelada | TA2025AP00458 | APELACIÓN<br>Procedente del Tribunal de Primera Instancia, Sala de BAYAMÓN<br><br>Caso Núm.:<br>BY2022CV06412<br><br>Sobre:<br>Cobro de Dinero<br>Ejecución de Hipoteca |

Panel integrado por su presidente el Juez Hernández Sánchez, el Juez Bonilla Ortiz y la Jueza Mateu Meléndez.

Mateu Meléndez, Jueza Ponente

## SENTENCIA

En San Juan, Puerto Rico, a 19 de diciembre de 2025.

El 20 de octubre de 2025, EMI Equity Mortgage, Inc., como agente de Servicio de Fortaleza Equity Partners I, LLC (en adelante, la apelante) presentó ante nos una *Apelación*. Allí, solicita que revoquemos la *Sentencia Parcial* emitida y notificada en el caso de epígrafe el 16 de julio de 2025. Por virtud del aludido dictamen, el Tribunal de Primera Instancia, Sala Superior de Bayamón declaró Ha Lugar la *Moción en Oposición a la Solicitud de Anotación de Rebeldía y Solicitud de Desestimación* sometida en el caso por Manuel Enrique Pérez Franqui y, de manera especial y sin someterse a la

jurisdicción, por Rolando Pérez López y Héctor Manuel Pérez López. En consecuencia, desestimó sin perjuicio la reclamación de la apelante contra el tercero de estos.

Evaluado el legajo apelativo, resolvemos **revocar** la decisión apelada. Veamos.

**-I-**

El 16 de diciembre de 2022, la parte apelante sometió *Demanda* en cobro de dinero y ejecución de hipoteca contra el Sr. Manuel Enrique Pérez Franqui, la Sra. Elsa López Cabán, y la Sociedad Legal de Gananciales compuesta por ambos. Es importante conocer que la demanda fue posteriormente enmendada con el fin de traer como parte demandada a la Sucesión de la Sra. Elsa López Cabán.[1]

El 27 de julio de 2023, la apelante presentó *Solicitud de Emplazamiento y Mandamiento de Interpelación Judicial por Edicto* en la que, entre otras cosas, solicitó autorización del tribunal para emplazar por edicto al Sr. Héctor Manuel Pérez López (Héctor Pérez), miembro de la sucesión incluida como parte demandada.[2] El 31 de julio de 2023, el emplazamiento por edicto dirigido a Héctor Pérez fue expedido.[3] Tiempo después, el 16 de octubre de 2023, la apelante sometió *Moción Acreditando Emplazamiento por Edicto y Solicitud de Orden para que Demandado Acredite si la Propiedad es su Residencia Principal.*[4]

Así las cosas, y tras varios trámites que son innecesarios pormenorizar, el 23 de marzo del año en curso, la apelante instó *Solicitud de Anotación de Rebeldía y Sentencia*. En lo concerniente a la controversia, allí arguyó que el **11 de septiembre de 2023**, se publicó el emplazamiento por

---

[1] Véase, Entradas Núm. 1 y 8 en SUMAC-TPI.
[2] Entrada Núm. 17 en SUMAC-TPI.
[3] Entrada Núm. 19 SUMAC-TPI.
[4] Con su escrito, sometió Afidávit suscrita por Yaritza Pérez Rivera, representante del periódico El Nuevo Día certificando la publicación del edicto expedido en el pleito el 17 de mayo de 2023. También proveyó copia del edicto publicado y de carta remitida al Sr. Héctor Pérez notificándole *Emplazamiento y Mandamiento de Interpelación Judicial por Edicto* publicado el 11 de septiembre de 2023 y la *Demanda Enmendada* del 5 de abril de 2023.

edicto dirigido a Héctor Pérez, por sí y como parte de la sucesión de Elsa López Cabán. De igual forma, señaló que, a la fecha de la moción, había expirado en exceso el tiempo para que Héctor Pérez sometiera contestación a la demanda sin haberlo hecho, por lo que procedía anotarle la rebeldía y dictar sentencia en su contra.

El 10 de abril de 2025, los demandados contestaron la *Demanda Enmendada*.[5] Ese día, también presentaron *Moción en Oposición a la Solicitud de Anotación de Rebeldía y Solicitud de Desestimación*. En esta, alegaron que el tribunal carecía de jurisdicción sobre Héctor Pérez pues la apelante no acreditó haber realizado el emplazamiento por edicto e interpelación. Específicamente, señalaron que la información en el affidávit de la publicación del edicto que se sometió para acreditar dicho acto no concuerda con las alegaciones levantadas. Por otra parte, le imputaron a la apelante incumplir con requisitos contractuales para declarar la aceleración de la deuda.[6]

Evaluadas ambas posturas, el 16 de julio de 2025, el foro primario dictó la sentencia parcial apelada. Allí, señaló que el expediente judicial carecía de la acreditación del emplazamiento por edicto dirigido a Héctor Manuel Pérez López. De igual manera, dictaminó que, contrario a lo que arguyó la apelante, la comparecencia de este a la mediación no constituyó una sumisión voluntaria.[7] En cuanto a esto último, descansó en que la mediación es definida por la Ley 184-2012 como un proceso de intervención y no adjudicativo, siendo su primera comparecencia a través de la *Contestación a Demanda* donde reclamó falta de jurisdicción sobre su persona. Así manifestado, declaró Con Lugar la solicitud de desestimación.

---

[5] Cabe destacar que, al comparecer, Rolando Pérez López y Héctor Pérez destacaron que lo hacían sin someterse a la jurisdicción. Estos, además, negaron haber sido válidamente emplazados o notificados. Véase, Entrada Núm. 72 SUMAC-TPI.

[6] Entrada Núm. 75 SUMAC-TPI.

[7] Es más, señaló que para que el tribunal hubiera podido referir el caso a mediación, el emplazamiento de Héctor Manuel Pérez López debió haberse diligenciado, cosa que no ocurrió en el caso. Por lo que la orden emitida en su día en el caso para que éste compareciera a mediación era invalida por falta de jurisdicción sobre su persona.

Inconforme con esta decisión, el 31 de julio de 2025, la apelante solicitó reconsideración.[8] El 14 de agosto de 2025, el TPI dictó *Resolución Interlocutoria* mediante la cual declaró No Ha Lugar la reconsideración peticionada. Insatisfecha, como ya indicamos, la apelante sometió el recurso de apelación y señaló la comisión del siguiente error:

> Erró el Honorable Tribunal de Primera Instancia al desestimar la Demanda sin perjuicio contra el codemandado Héctor Manuel Pérez López alegando que carecía de jurisdicción sobre su persona por no haber sido emplazado cuando del expediente electrónico surge evidencia acreditativa de haber sido emplazado mediante la publicación de edicto dentro del término jurisdiccional para ello, cumpliéndose todos los requisitos dispuestos en la Regla 4.6c) de Procedimiento Civil, 32 LPRA Ap. V, R.4.6, y su jurisprudencia interpretativa.

El 23 de octubre de 2025, dictamos *Resolución* ordenándole a la parte apelada a comparecer y someter su posición. El 20 de noviembre del año en curso, esta sometió *Alegato en Oposición.*

**-II-**

*A.*

El emplazamiento es el mecanismo mediante el cual se informa a la parte demandada sobre la existencia de una acción judicial presentada en su contra y se le requiere comparecer para formular alegación que corresponda. *Ross Valedón v. Hosp. Dr. Susoni et al,* 213 DPR 481, 487 (2024) al citar a *Rivera Marrero v. Santiago Martínez,* 203 DPR 462, 480 (2019). Mediante este mecanismo se adquiere jurisdicción sobre la persona del demandado; de ahí la importancia de que este se realice conforme a derecho. *Id.*, al mencionar a *Sánchez Rivera v. Malavé Rivera,* 192 DPR 854, 869 (2015). Al final de cuentas, la falta de un correcto emplazamiento a la parte contra la cual un tribunal dicta sentencia produce la nulidad de la sentencia dictada por falta de jurisdicción sobre el demandado. Dicho de otro modo, toda sentencia dictada contra un demandado que no ha sido

---

[8] Es menester señalar que, con su solicitud de reconsideración, la apelante sometió copia del edicto publicado el 11 de septiembre de 2023 y afidávit que acredita la publicación del mismo.

emplazado o notificado conforme a derecho es inválida y no puede ser ejecutada. Se trata de un caso de nulidad radical por imperativo constitucional. *Torres Zayas v. Montano Gómez et als.*, 199 DPR 458,468-469 (2017).

Nuestro ordenamiento jurídico reconoce dos formas de diligenciar un emplazamiento; de forma personal o mediante la publicación de un edicto. *Caribbean Orthopedics Products of Puerto Rico, LLC v Medshape, Inc.*, 207 DPR 994 (2021) al mencionar a *Sánchez Ruiz v. Higuera Pérez et al.*, 203 DPR 982, 987 (2020). Así, la Regla 4.6 de Procedimiento Civil, 32 LPRA Ap. V R. 4.6, gobierna lo concerniente a quién o en qué circunstancias procede utilizar el mecanismo del emplazamiento por edicto. Específicamente, la mencionada regla dispone como transcribimos:

> La persona que diligencie el emplazamiento presentará en el Tribunal la constancia de haberlo hecho dentro del plazo concedido a la persona emplazada para comparecer. Si el diligenciamiento lo realizó un alguacil o alguacila, su prueba consistirá en una certificación al efecto; si lo realizó una persona particular, ésta consistirá en su declaración jurada. **En caso de que la notificación del emplazamiento se haga por edictos, se probará su publicación mediante la declaración jurada del (de la) administrador(a) o agente autorizado(a) del periódico, acompañada de un ejemplar del edicto publicado** y de un escrito del abogado o abogada que certifique que se depositó en el correo una copia del emplazamiento y de la demanda. En los casos de emplazamiento comprendidos en la Regla 4.3(b)(2) y (5) se acreditará el diligenciamiento mediante una declaración jurada que establezca el cumplimiento con todos los requisitos establecidos o por la orden del juez o jueza. En el caso comprendido en la Regla 4.6, se presentará el acuse de recibo de la parte demandada. **La omisión de presentar prueba del diligenciamiento no surtirá efectos en cuanto a su validez.** La admisión de la parte demandada de que ha sido emplazada, su renuncia del diligenciamiento del emplazamiento o su comparecencia hará innecesaria tal prueba. (Énfasis nuestro)

**-III-**

Según resume en su señalamiento de error, la apelante reclama que la sentencia parcial apelada se dictó erróneamente, pues contrario a lo resuelto por el foro primario, del expediente judicial sí surge evidencia acreditativa de que Héctor Pérez fue adecuadamente emplazado mediante la publicación de edicto dentro del plazo jurisdiccional para así hacerlo.

Por su parte, los apelados defienden la desestimación decretada y, a tales efectos, argumentan que los documentos que la apelante sometió ante la consideración del TPI son insuficientes para acreditar la publicación del emplazamiento por edicto. Ello así, pues de la copia del emplazamiento por edicto sometido no surge la fecha de publicación, por lo que no hay constancia segura de que en efecto se publicó el día que la apelante alega se hizo.

Es correcto lo que los apelados señalan. La copia del emplazamiento por edicto publicado que la apelante sometió junto a su solicitud de reconsideración no contiene fecha. Sin embargo, nos parece que dicho hecho no es suficiente para descartarle. Nótese que la Regla 4.6 establece que la publicación de un edicto se probará mediante declaración jurada del administrador o representante autorizado del periódico y copia del ejemplar publicado. La apelante sometió ambos documentos. Si bien lo hizo junto a la solicitud que interpuso frene a la *Sentencia Parcial,* la realidad es que por virtud de la propia Regla 4.6, la acreditación tardía de la publicación del edicto no afecta su validez. Así la propia norma lo establece cuando señala que: "**La omisión de presentar prueba del diligenciamiento no surtirá efectos en cuanto a su validez.**"

Siendo ello así, podemos colegir que- contrario a lo adjudicado por el TPI- el expediente judicial sí acredita la realización del emplazamiento mediante edicto del codemandado Héctor Pérez. Por consiguiente, el foro primario sí tiene jurisdicción sobre este individuo. Habida cuenta de ello, resolvemos que el error señalado por la apelante sí se cometió, el foro recurrido sí adquirió jurisdicción sobre el señor Pérez López.

-IV-

Por los fundamentos antes expuestos, **revocamos** la *Sentencia Parcial* dictada y notificada en el caso de epígrafe del 16 de julio de 2025. Se

devuelve el caso al Tribunal de Primera Instancia, Sala de Bayamón para que continue con los procedimientos según lo aquí resuelto.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones